IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC**, | § § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:23-CV-00486-JRG-RSP |
| **AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AT&T SERVICES INC., T- MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS**, | § § § § § § § § § | (LEAD CASE) |
| *Defendant*. | § § § | |

**MEMORANDUM ORDER**

Before the Court is Plaintiff's Motion to Disqualify Experts Ms. Johanna Dwyer and Mr. Paul Carpenter. (**Dkt. No. 127**.) On August 30, 2024, the Court heard arguments on this motion. For the reasons provided below, the motion is **GRANTED** and Ms. Johanna Dwyer and Mr. Paul Carpenter are disqualified from further participation as experts in this case.

In determining whether an expert should be disqualified, the Court asks two questions:

> First, was it objectively reasonable for the first party who claims to have retained the expert to conclude that a confidential relationship existed?
> Second, was any confidential or privileged information disclosed by the first party to the expert?

*Koch Ref. Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178, 1181 (5th Cir. 1996). "Only if the answers to both questions are affirmative should the witness be disqualified." *Id*. The Court finds both questions should be answered in the affirmative in this case.

Both experts and their company, QipWorks, were engaged by plaintiff to perform pre-suit analysis on the infringement of plaintiff's portfolio of patents. Over the course of this

1

undertaking, the parties agree Ms. Dwyer and Mr. Carpenter reviewed confidential materials of the plaintiffs, including claim charts prepared by plaintiff.

As part of these discussions the experts informed plaintiffs that they would not be adverse to Ericsson, an intervenor in this case. To effect this, the experts analyzed the user equipment claims but not the base station claims of the patents. The experts also declare they did not provide any FRAND, licensing, or IP portfolio management, strategy, analysis, or policy services. Plaintiff argues this is a red-herring in light of the experts' receipt of confidential information related to the asserted patents and claims.

Some seven weeks prior to the filing of this action, the experts terminated their engagement with plaintiffs and later began an engagement with defendants several months after the filing of the complaint. Upon disclosure, plaintiff brought this motion.

The Court finds that this is a clear case. It was objectively reasonable for plaintiffs to conclude that a confidential relationship existed. Plaintiffs retained the experts for pre-litigation/licensing investigation. This is well understood to involve confidentiality as it often relates to litigation strategy. Likewise, it is clear the experts received confidential or privileged information from plaintiffs. Plaintiffs provided infringement charts--a statement of how plaintiffs believe another party might infringe their patents--generally prepared in anticipation of litigation by or at the direction of attorneys.

While the experts did provide notice of their intention "not to be adverse to Ericsson," this was reasonably understood by Plaintiffs to mean that the experts would not work for Plaintiffs in litigation against Ericsson. It did not provide notice to Plaintiffs that the experts would work for Ericsson against Plaintiffs. The experts still opined for plaintiffs on subject matter closely related to what they would opine upon for defendants, and received confidential

information relating to these opinions. Limiting their work to not include base stations but to include the claims of the same patent directed to customer equipment does not mitigate the harm to plaintiffs. Likewise, expressing the intention to avoid being adverse to another party is not a reservation that they might be adverse to plaintiffs.

Therefore, the Court **ORDERS** Ms. Dwyer and Mr. Carpenter are disqualified from further participation as experts in this case.

**SIGNED this 3rd day of September, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE