IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| ASUS TECHNOLOGY LICENSING INC., et al, § § § *Plaintiffs*, § § v. § § AT&T CORP., et al, § § *Defendants*. § | CASE NO. 2:23-CV-00486-JRG-RSP (Lead Case) |

### MEMORANDUM ORDER

This case comes before the Court as part of the continuing efforts to manage the interaction between Plaintiffs' patent infringement actions against the cellular telecommunications carriers, and Plaintiffs' actions against the same defendants arising in antitrust, unfair competition and tortious interference. On November 19, 2024, the Court held a hearing in the antitrust case, *Celerity IP LLC v. AT&T Corp*, 2:24-cv-00721-JRG-RSP ("Antitrust Case"), during which the Court explained the concern and gave Plaintiffs an opportunity to address a course of action. The effort did not ultimately bear fruit. For the reasons discussed below, the above-captioned case is STAYED pending resolution of the motions to dismiss in the Antitrust Case.

I.  **BACKGROUND**

On October 19, 2023, Plaintiffs filed a series of patent infringement lawsuits against the Defendants in this now consolidated action ("Infringement Case"). *See* Dkt. No. 1; Dkt. No. 45 (consolidation order). Thereafter, on July 16, 2024, Plaintiffs filed suit against the Carrier Defendants and Ericsson (an intervenor-defendant in the above-captioned action) in a Dallas County state court asserting claims under Texas law for unfair competition and tortious interference. Dkt. No. 211-7. On August 8, 2024, Defendants filed a Motion to Stay the above-

captioned case pending resolution of the Dallas County case on the basis that the co-pending case would "effectively thwart Defendants' constitutional right to participate in a joint defense group, pry into Defendants' privileged communications, and obstruct Defendants' ability to defend and assert claims pending before this Court." Dkt. No. 211 at 8. On August 30, 2024, The Court held a hearing on the Motion (by which time the Dallas County case had been removed to federal court in the Northern District of Texas).[1] Dkt. No. 263. The Court carried the Motion to stay pending resolution of motions to remand and transfer in the Northern District of Texas. Dkt. No. 319 at 66: 15–18.

Shortly thereafter, on September 3, 2024, the Northen District of Texas transferred the removed Dallas County case to this Court. Dkt. No. 25.[2] On September 16, 2024, Plaintiffs amended their complaint to add factual allegations and two new causes of action under federal antitrust law. Dkt. No. 36. The Carriers and Ericsson each filed motions to dismiss in the Antitrust Case under FRCP 12(b)(6). Dkt. No. 41 (Carriers), Dkt. No. 42 (Ericsson). The Court held a hearing to determine how to properly proceed with the two actions. Dkt. No. 74.

During the hearing, the Court expressed its concern that the Antitrust Case would have a chilling effect on the Defendants' ability to defend the Infringement Case. Dkt. No. 81 at 24: 18–23 ("[R]egardless of the communications that go on if you are relying upon the actions taken as also constituting evidence of conspiracy, and by that I mean the actions taken in the defense of the infringement action, then I think that is chilling in and of itself."). The Court made it clear that it would:

---

[1] Dkt. No. 1 in *Celerity IP LLC v. AT&T* Corp, 2:24-cv-00721-JRG-RSP.

[2] Hereinafter all citations to the docket are to *Celerity IP LLC v. AT&T* Corp, 2:24-cv-00721-JRG-RSP because that is where the Parties have litigated this issue.

> [D]elay the patent infringement case unless there is some resolution of the concerns about the antitrust case and the effects of that on [Defendants'] ability to defend the patent infringement case unhindered. And I don't see another way to allow that to happen other than resolving the antitrust case either by motion practice, summary judgment, trial, whatever it takes . . .

*Id.* at 22–23: 23–25, 1–6. In response—to avoid delaying the infringement case—counsel for Plaintiffs indicated that Plaintiffs would dismiss the antitrust claims with prejudice. *Id.* at 27: 1–4. However, counsel for Plaintiffs represented that Plaintiffs would keep an unfair competition claim against Ericsson on the grounds that "that claim doesn't sound in any of the litigation defense issues that are at play here." *Id*. at 28: 8–9. The Court instructed the Parties to brief their positions after discussing the implications with their clients.

## II. LEGAL STANDARD

District courts have the power to stay proceedings as part of their inherent power to control their own dockets. *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Nelson v. Grooms*, 307 F.2d 76, 78 (5th Cir. 1962).

## III. ANALYSIS

Rather than dismiss all the claims against the Carriers, as discussed at the hearing, Plaintiffs filed a notice indicating that they are "prepared to dismiss with prejudice Counts 1 and Counts 2 (the Sherman Act claims against Service Provider Defendants) and the parts of Count 5 directed at Service Provider Defendants that have as their predicate Counts 1 and 2." Dkt. No. 79 at 2. Attached to that Motion, Plaintiffs filed a Motion for Leave to File an Amended Complaint and attached their proposed amended complaint. Dkt. Nos. 79-1, 79-2. They explain that:

> The claims pleaded in the First Amended Complaint were:
> 
> - Counts 1-2: Sherman Act violations against Service Providers based on formation and maintenance of a buyers cartel;
> - Count 3: Tortious interference with contract against Ericsson;
> - Count 4: Tortious interference with prospective business relationship against Service Providers and Ericsson;

- Count 5: Unfair competition against Service Providers and Ericsson. The predicate for this claim as to the Service Providers is Counts 1-2.

The proposed Second Amended Complaint proposes to plead:

- Count 1: Tortious interference with contract against Ericsson;
- Count 2: Tortious interference with prospective business relationship against Service Providers and Ericsson;
- Count 3: Unfair competition against Ericsson, none of whose predicates relate to the formation or maintenance of a buyer's cartel;
- Count 4: Declaratory Judgment that the plaintiffs have complied with ETSI obligations and that the Service Providers have not.

Dkt. No. 79-1 at 2. Defendants counter that Plaintiffs' proposal leaves them in substantially the same position as before and thus they request a stay of the infringement case pending resolution of the claims in the Antitrust Case through voluntary dismissal with prejudice, motions to dismiss, summary judgment, or trial. Dkt. No. 82 at 1–2. Defendants provide a chart that compares Plaintiffs' pleadings in their First Amended Complaint and their Proposed Second Amended Complaint ("SAC").[3] *Id.* at 2–3. They argue that the SAC "continues to allege the very same illegal agreement as the basis for Plaintiffs' tortious interference and Texas antitrust claims that formed the basis for their Sherman Act claims." *Id.* at 3. Additionally, Defendants argue that to prove the unfair competition claim against Ericsson under Texas Law Plaintiffs would need to implicate the carriers as co-conspirators. *Id.* at 5–6. Defendants conclude that Plaintiffs "will seek the very same evidence of the very same alleged antitrust conspiracy to prove up their claims against Ericsson and their claim against the Carriers." *Id.* at 6. In reply, Plaintiffs argue that they have cured all potential chilling effects on the defense of the Infringement Case because they have unambiguously disclaimed any reliance on the common legal advice provided in the Infringement Case, have removed any claims directed at the Service Providers *collectively* (and replaced it with

---

[3] The Chart is reproduced below in the Appendix.

claims against them as separate entities), and there is no allegation of conspiracy between the Service Providers and Ericsson. Dkt. No. 83.

The Court finds that the chilling effect of the Antitrust Case on Defendants' joint defense of the Infringement Case is too prejudicial to allow the Infringement Case to proceed as scheduled. The Court believes that the only just resolution is to stay the Infringement Case, at least until the disposition of the pending motions to dismiss in the Antitrust Case. The Court does not believe that Plaintiffs' proposed SAC adequately cures the concerns the Court has about the chilling effect on Defendants' ability to jointly litigate a patent infringement case. Defendants should not be forced to litigate under the cloud of a collateral litigation implicating Defendants' licensing discussions about the patents-in-suit in the Infringement Case. In so deciding, the Court does not address the merits of Plaintiffs' case. The Court also notes that despite having more than adequate opportunity to do so, Plaintiffs' Counsel did not indicate at the hearing that Plaintiffs planned to reassert any collateral claims against the Carriers (whether couched as antitrust claims or as now pleaded—tortious interference claims).

### IV. CONCLUSION

Accordingly, the Court **STAYS** the above-captioned consolidated case until further order. The Court will schedule a hearing for the Parties to argue the pending motions to dismiss in the Antitrust Case, rule on those Motions, and then decide how to proceed with these cases.

**SIGNED this 5th day of December, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE

V. **APPENDIX**

| First Amended Complaint (Dkt. 34) and Opposition to Carriers' Motion to Dismiss (Dkt. 64) | Proposed Second Amended Complaint (Dkt 79-2) |
|---|---|
| "[T]he Service Providers . . . jointly refuse to license the Wireless Patents" and "have agreed to refuse to individually negotiate for licenses for the Wireless Patents." Dkt. 34 ¶¶ 18, 21. | "The Service Providers have decided they would infringe and refuse to negotiate individually with Plaintiffs regarding licenses for the Wireless Patents." Dkt. 79-2 ¶ 19. |
| "First, in pre-suit discussions, AT&T insisted that any deal must include a cross-license to AT&T's patents. Verizon did not. After the initiation of the suit, Verizon suddenly insisted on a cross license as well using near verbatim language as AT&T had used." Dkt 64 at 14. | "[T]he Service Providers are refusing to negotiate with the Plaintiffs unless a third party who has no control over the licensing of the Plaintiffs' patents take a license to Service Providers patents." Dkt. 79-2 ¶ 20. |
| "After the lawsuit was filed, however, Verizon followed the tact of T-Mobile and stated that Celerity should instead negotiate a license with Verizon and T-Mobile's supplier." Dkt. 64 at 14. | "[T]he Service Providers are maintaining that Plaintiffs must negotiate with certain of their suppliers and using this as a basis to not negotiate." Dkt. 79-2 ¶ 21. |
| "The effect of the horizontal agreements has been the suppression of the market price that each individual Service Provider would have otherwise paid in the absence of the agreements and the refusal by each of the Service Providers to deal with Plaintiffs except at prices substantially below the competitive rate." Dkt. 34 ¶ 31. | "The effect of the Service Providers' behavior is to tortiously interfere with independent negotiations between the Plaintiffs and each individual service provider, resulting in a suppression of the market price that each individual Service Provider would have otherwise paid in the absence of the agreements and the refusal by each of the Service Providers to deal with Plaintiffs except at prices substantially below fair and reasonable rates." Dkt. 79-2 ¶ 25. |
| "The Defendants' concerted effort to undermine Celerity's exclusive license constitutes a *per se* violation of Section 15.05 of the Texas Business and Commerce Code (Tex. Bus. & Comm. Code 15.05(a)-(c), or in the alternative a violation of the rule of | "Ericsson's concerted effort to undermine Celerity's exclusive license constitutes a *per se* violation of Section 15.05 of the Texas Business and Commerce Code (Tex. Bus. & Comm. Code 15.05(a)-(c), or in the alternative a violation of the rule of reason." Dkt. 79-2 ¶ |

| First Amended Complaint (Dkt. 34) and Opposition to Carriers' Motion to Dismiss (Dkt. 64) | Proposed Second Amended Complaint (Dkt 79-2) |
|---|---|
| reason." Dkt. 34 ¶ 71. | 46. |
| "The Defendants have unreasonably restrained competition in the market for the purchase, acquisition, or licensing of technology covered by the patents that Celerity has exclusive rights to license, in the State of Texas and other jurisdictions, by abusing and leveraging their power in the wireless service market." Dkt. 34 ¶ 72. | "Ericsson has unreasonably restrained competition in the market for the purchase, acquisition, or licensing of technology covered by the patents that Celerity has exclusive rights to license, in the State of Texas and other jurisdictions, by abusing and leveraging their power in the wireless service market." Dkt. 79-2 ¶ 47. |
| "Plaintiffs have suffered and will continue to suffer irreparable antitrust injury to their business and property as a direct and proximate result of the Defendants' unlawful conspiracy. Damage to Plaintiffs because of the Defendants' unlawful conduct is ongoing, and Plaintiffs will prove the amount of damage it has suffered as a result of the Defendants' antitrust violation at trial." Dkt. 34 ¶¶ 73-74. | "Plaintiffs have suffered and will continue to suffer irreparable antitrust injury to their business and property as a direct and proximate result of the Defendants' unlawful conspiracy. Damage to Plaintiffs because of the Defendants' unlawful conduct is ongoing, and Plaintiffs will prove the amount of damage it has suffered as a result of the Defendants' antitrust violation at trial." Dkt. 79-2 ¶ 48. |