# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC, <br><br> **Plaintiffs,** <br><br> vs. <br><br> AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AT&T SERVICES INC., T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, <br><br> **Defendants.** <br><br> ERICSSON INC., <br><br> **Intervenor.** <br><br> NOKIA OF AMERICA CORPORATION, <br> **Intervenor.** | Civil Action No. 2:23-cv-00486 <br><br> (Lead Case) <br><br> Civil Action No. 2:23-cv-00487 <br><br> (Member Case) <br><br> Civil Action No. 2:23-cv-00488 <br><br> (Member Case) <br><br> **JURY TRIAL DEMANDED** |
| AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AT&T SERVICES INC., T-MOBILE USA, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ERICSSON INC., AND NOKIA OF AMERICA CORPORATION, <br><br> **Counterclaim Plaintiffs,** <br><br> vs. <br><br> ASUSTEK COMPUTER INC., ASUS TECHNOLOGY LICENSING INC., AND CELERITY IP, LLC, <br><br> **Counterclaim Defendants.** | |

| | |
|---|---|
| INNOVATIVE SONIC LIMITED AND CELERITY IP, LLC,<br><br>    Plaintiffs,<br><br>vs.<br><br>AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AT&T SERVICES INC., T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS,<br><br>    Defendants.<br><br>ERICSSON INC.,<br><br>    Intervenor.<br><br>NOKIA OF AMERICA CORPORATION,<br><br>    Intervenor.<br><br>AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AT&T SERVICES INC., T-MOBILE USA, INC., CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ERICSSON INC., AND NOKIA OF AMERICA CORPORATION,<br><br>    Counterclaim Plaintiffs,<br><br>vs.<br><br>ASUSTEK COMPUTER INC., INNOVATIVE SONIC LIMITED, AND CELERITY IP, LLC,<br><br>    Counterclaim Defendants. | Civil Action No. 2:23-CV-490<br><br>(Lead Case)<br><br>Civil Action No. 2:23-CV-489<br><br>(Member Case)<br><br>Civil Action No. 2:23-CV-491<br><br>(Member Case)<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS' MOTION TO AMEND DOCKET CONTROL ORDER**

Defendants AT&T, T-Mobile, and Verizon, and Intervenors Ericsson and Nokia ("Defendants") respectfully request that the Amended Docket Control Order (Dkt. 501) be amended to extend the deadline to serve rebuttal expert reports by 30 days and adjust subsequent

1

deadlines by a similar length to account for this extension. There is good cause for the requested amendment.

On or after midnight on Friday, June 27, Plaintiffs served ████████████ ████████████████████████████████████████████████████████████████ ██████████████. Plaintiffs' theories appear to be based on ███████████ ██████████████████████████████████. Rebuttal reports are currently due in less than four weeks. This is not enough time. Defendants need to analyze and respond to Plaintiffs' ████ ███████, including by potentially ████████████████████████████████, which will take several weeks alone. The time and resources required to properly respond to Plaintiffs' opening expert reports is compounded by ████████████████████████████████████, as well as the involvement of Defendants' counsel (including lead counsel) in the trial set to begin on July 7 before Judge Gilstrap. *See Daingean v. T-Mobile*, 23-cv-347 (E.D. Tex.). There is good cause to extend this deadline by 30 days to review and respond to these voluminous reports for at least the reasons set forth below.

*First*, the length of the report of Plaintiffs' damages expert ████████████ ██████████████████████████████, is grounds for the requested extension on its own. ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████. While Defendants have spent the last several days since reports were served reviewing ███████ report, the amount of resources it will require to fully analyze and respond to the report are significant. Moreover, Plaintiffs seek ██████████████████████████████████

2

████████████ ask will not only require significant efforts to rebut, but also the input of high-level decision makers. And as of now, those decision makers cannot even see Plaintiffs' expert reports, because they have been designated Attorneys Eyes Only.

████████████ If Defendants have any chance of ████████████ they need an additional several weeks to do so.

████████████ . Plaintiffs' technical experts also ████████████ Additional time is required to analyze and respond to these ████████████ .

*Fourth*, further necessitating the extension is the trial set to begin next week before Judge Gilstrap. Several team members involved in the above-captioned cases are also involved in *Daingean v. T-Mobile*, No. 24-cv-347 (E.D. Tex.), including lead counsel for all Defendants.

*Finally*, Defendants were diligent in seeking the requested extension. Immediately after reports were served after midnight on Friday, June 27, counsel worked over the weekend to analyze and assess Plaintiffs' reports. By Monday morning, it was clear that an extension was needed, and

---

████████████

3

counsel for Defendants contacted Plaintiffs to confer on whether they consent to a motion to amend the docket control order. They indicated they opposed that afternoon, and Defendants filed their extension request the next morning. Defendants therefore respectfully request that the Court modify the docket control order as set forth below:

| Current Date | Proposed New Date | Event |
|---|---|---|
| November 3, 2025 | December 8, 2025 | *Jury Selection – 9:00 a.m. in Marshall, Texas |
| 7 days before jury selection | | *Defendant to disclose final invalidity theories, final prior art references/combinations, and final equitable defenses |
| 10 days before jury selection | | *Plaintiff to disclose final election of Asserted Claims and final equitable defenses to Defendants' Counterclaims. |
| October 9, 2025 | November 10, 2025 | *Pretrial Conference – 9:00 a.m. in Marshall, Texas before Judge Roy Payne |
| October 8, 2025 | November 7, 2025 | If a juror questionnaire is to be used, an editable (in Microsoft Word format) questionnaire shall be jointly submitted to the Deputy Clerk in Charge by this date.2 |
| September 24, 2025 | October 24, 2025 | *Notify Court of Agreements Reached During Meet and Confer<br><br>The parties are ordered to meet and confer on any outstanding objections or motions *in limine*. The parties shall advise the Court of any agreements reached no later than 1:00 p.m. three (3) business days before the pretrial conference. |
| September 24, 2025 | October 24, 2025 | File Joint Pretrial Order, Joint Proposed Jury Instructions, Joint Proposed Verdict Form, Responses to Motions *in Limine*, Updated Exhibits Lists, Updated Witness Lists, and Updated Deposition Designations |
| September 17, 2025 | October 17, 2025 | File Notice of Request for Daily Transcript or Real Time Reporting.<br><br>If a daily transcript or real time reporting of court proceedings is requested for trial, the party or parties making said request shall file a notice with the Court |

4

| | | |
|---|---|---|
| | | and e-mail the Court Reporter, Shawn McRoberts, at shawn_mcroberts@txed.uscourts.gov. |
| September 12, 2025 | October 13, 2025 | File Motions *in Limine* <br><br> The parties shall limit their motions *in limine* to issues that if improperly introduced at trial would be so prejudicial that the Court could not alleviate the prejudice by giving appropriate instructions to the jury. |
| September 12, 2025 | October 13, 2025 | Serve Objections to Rebuttal Pretrial Disclosures |
| September 3, 2025 | October 3, 2025 | Serve Objections to Pretrial Disclosures; and Serve Rebuttal Pretrial Disclosures |
| August 27, 2025 | September 26, 2025 | Serve Pretrial Disclosures (Witness List, Deposition Designations, and Exhibit List) by the Party with the Burden of Proof |
| August 26, 2025 | September 25, 2025 | *Response to Dispositive Motions (including *Daubert* Motions). Responses to dispositive motions that were filed prior to the dispositive motion deadline, including *Daubert* Motions, shall be due in accordance with Local Rule CV- 7(e), not to exceed the deadline as set forth in this Docket Control Order. Motions for |
| August 8, 2025 | September 8, 2025 | *File Motions to Strike Expert Testimony (including *Daubert* Motions) <br><br> No motion to strike expert testimony (including a *Daubert* motion) may be filed after this date without leave of the Court. |
| August 8, 2025 | September 8, 2025 | *File Dispositive Motions <br><br> No dispositive motion may be filed after this date without leave of the Court. <br><br> Motions shall comply with Local Rule CV-56 and Local Rule CV-7. <u>Motions to extend page limits will only be granted in exceptional circumstances. Exceptional circumstances require more than agreement among the parties.</u> |

5

| August 8, 2025 | September 8, 2025 | Deadline to Complete Expert Discovery |
| August 1, 2025 | September 2, 2025 | Serve Disclosures for Rebuttal Expert Witnesses |

| | |
|---|---|
| Dated: July 1, 2025 | Respectfully submitted,<br><br>/s/ *Nicholas Mathews*<br>Nicholas Mathews<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Warren Lipschitz<br>Texas State Bar No. 24078867<br>wlipschitz@McKoolSmith.com<br>Eric Hansen<br>TX State Bar No. 24062763<br>ehansen@mckoolsmith.com<br>Erik Fountain<br>Texas State Bar No. 24097701<br>efountain@mckoolsmith.com<br>Jonathan Powers<br>Texas State Bar No. 24098277<br>jpowers@mckool.smtih.com<br>Alex Chern<br>Texas State Bar No. 24109718<br>achern@mckoolsmith.com<br>Joseph Michelli<br>Texas State Bar No. 24107546<br>jmichelli@mckoolsmith.com<br>Samuel L. Moore<br>TX State Bar No. 24132421<br>smoore@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Joshua Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>Kevin Hess<br>Texas State Bar No. 24087717<br>khess@McKoolSmith.com<br>Matthew Cameron<br>Texas State Bar No. 24097451<br>mcameron@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8752<br>Telecopier: (512) 692-8744 |

John Briody
New York State Bar No. 4231270
jbriody@mckoolsmith.com
Eliza Beeney
New York State Bar No. 5518972
ebeeney@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-402-9400

Saif Askar
NY State Bar No. 5833181
saskar@McKoolSmith.com
**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**COUNSEL FOR AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AND AT&T SERVICES, INC. T-**

          **MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ERICSSON INC., AND NOKIA OF AMERICA CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on June 30, 2025.

/s/ *Nicholas Mathews*
Nicholas Mathews

## CERTIFICATE OF CONFERENCE

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for the Carriers conferred with counsel for the plaintiffs regarding this motion and all counsel indicated that they oppose the relief sought herein.

/s/ *Nicholas Mathews*
Nicholas Mathews

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Nicholas Mathews*
Nicholas Mathews