**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **ASUS TECHNOLOGY LICENSING INC., ET AL.,**<br><br>        **Plaintiffs,**<br><br>    **vs.**<br><br>**AT&T INC., ET AL,**<br><br>        **Defendants,**<br><br><br>**ERICSSON INC., AND NOKIA OF AMERICA CORPORATION,**<br><br>        **Intervenors.** | **Civil Action No. 2:23-CV-00486**<br><br>**(Lead Case)**<br><br>**Civil Action No. 2:23-CV-00487**<br><br>**(Member Case)**<br><br>**Civil Action No. 2:23-CV-00488**<br><br>**(Member Case)**<br><br>**Civil Action No. 2:23-CV-490**<br><br>**(Lead Case)**<br><br>**Civil Action No. 2:23-CV-489**<br><br>**(Member Case)**<br><br>**Civil Action No. 2:23-CV-491**<br><br>**(Member Case)**<br><br>**JURY TRIAL DEMANDED** |

<u>**DEFENDANTS/INTERVENORS' MOTION TO STRIKE#1: MOTION TO EXCLUDE
DAMAGES EXPERT OPINIONS OF DAVID KENNEDY**</u>

███████████████████

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     MR. KENNEDY'S DAMAGES MODELS ................................................................1

     A.    Mr. Kennedy's so-called ████████████████ models ...........................2

     B.    Mr. Kennedy presents three separate ██████████ methods...........................3

     C.    Mr. Kennedy's ████████ ...................................................................4

     D.    Mr. Kennedy's estimate of up to nearly ████████ . ......................................4

III.    LEGAL STANDARD..................................................................................................6

IV.     ARGUMENT................................................................................................................6

     A.    Mr. Kennedy's ████████████████████ have no basis in reality—as shown by the patents' established licensing history. ..............................................6

     B.    Mr. Kennedy's failure to ██████████████████████████ ████ renders his damages estimates wildly unrealistic.......................................8

          1.   Mr. Kennedy fails t ████████████████████████ ██████████████ for the '559, '883, '059, '359, '402, and '868 patents. .......................................................................................8

          2.   Mr. Kennedy's supposed ██████████ methodologies are fatally flawed................................................................................................10

     C.    Mr. Kennedy's models for the '754, '559, and '883 patents include ██ ████████████ ...........................................................................13

     D.    Mr. Kennedy's ██████████ model is unreliable because it ████████ ████████████████████████ ...........................................15

     E.    Mr. Kennedy's ██████████ method relies on an improper and inadmissible ██████████ ...................................................................17

     F.    Mr. Kennedy's damages models are unreliable because they ████████ ████████████████████████ ...........................................19

     G.    Mr. Kennedy's report seeks to improperly introduce inflammatory, irrelevant evidence. .................................................................................19

V.      CONCLUSION...........................................................................................................20

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys. Inc.*,
   809 F.3d 1295 (Fed. Cir. 2015) ....................................................................... *passim*

*Cyntec Co. v. Chilisin Elecs. Corp.*,
   84 F.4th 979 (Fed. Cir. 2023) ....................................................................11, 12, 14

*Daubert v. Merrell Dow Pharm., Inc.*,
   509 U.S. 579 (1993) .............................................................................................. 6

*EcoFactor, Inc. v. Google, LLC*,
   137 F.4th 1333 (Fed. Cir. 2025) ...................................................................... *passim*

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014) ......................................................................... 8, 9

*Knight v. Kirby Inland*,
   482 F.3d 347 (5th Cir. 2007) .............................................................................. 19

*LaserDynamics, Inc. v. Quanta Comp., Inc.*,
   694 F.3d 51 (Fed. Cir. 2012) ............................................................................ 6, 8

*Limelight Networks, Inc. v. XO Commc'ns, LLC*,
   2018 WL 678245 (E.D. Va. Feb. 2, 2018) .......................................................... 11

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
   30 F.4th 1339 (Fed. Cir. 2022) ...................................................................13, 14, 15

*Optis Cellular Tech. v. Apple Inc.*,
   139 F.4th 1363 (Fed. Cir. 2025) ......................................................................... 19

*ResQNet.com, Inc. v. Lansa, Inc.*,
   594 F.3d 860 (Fed. Cir. 2010) .............................................................................. 8

*Riles v. Shell Expl. & Prod. Co.*,
   298 F.3d 1302 (Fed. Cir. 2002) ........................................................................... 17

*Sundance, Inc. v. DeMonte Fabricating Ltd.*,
   550 F.3d 1356 (Fed. Cir. 2008) ........................................................................... 16

*Uniloc USA, Inc. v. Microsoft Corp.*,
   632 F.3d 1292 (Fed. Cir. 2011) ......................................................................18, 19

*VirnetX, v. Cisco,*
    767 F.3d 1308 (Fed. Cir. 2014)..................................................................................10, 12, 18

**Other Authorities**

Rule 702 ....................................................................................................................................6

**TABLE OF EXHIBITS**

| Ex. | Description |
|---|---|
| A | Opening Expert Report of David Kennedy for AT&T, dated June 27, 2025 |
| B | Opening Expert Report of David Kennedy for T-Mobile, dated June 27, 2025 |
| C | Opening Expert Report of David Kennedy for Verizon, dated June 27, 2025 |
| D | Rebuttal Report of David Kennedy, dated Aug. 15, 2025 |
| E | Excerpts from the ██████████████████████, dated Aug. 15, 2025 |
| F | Excerpts from the ██████████████████████, dated June 27, 2025 |
| G | Excerpts from the ████████ ██████ dated June 27, 2025 |
| H | Excerpts from the ████████████, dated Aug. 22, 2025 |
| I | ████████████████████████████████ |
| J | ████████████████████████ |
| K | ████████████████████████████████ |
| L | ████████████████████████████████ |
| M | Excerpts from the ████████ ████████, dated June 27, 2025 |
| N | Fed. R. Civ. P. 26(A)(2)(C) Disclosure for Todd Cason |
| O | Excerpts from *Unwired Planet v. Huawei*, [2017] EWHC 2988 (Pat) |
| P | Excerpts from PA Consulting 5G Report, dated May 2025 |
| Q | Excerpts from the Deposition (Rough) of David Kennedy |
| R | ████████████████████████████████ |
| S | ████████████████████████████████ |
| T | ████████████████████████████████ |
| U | ████████████████████████████████ |
| V | ████████████████████████████████ |
| W | ████████████████████████████████ |
| X | ████████████████████████████████ |

iv



| Ex. | Description |
|-----|-------------|
| Y | |
| Z | |
| AA | |
| BB | |
| CC | |
| DD | |
| EE | |
| FF | |

## I.    INTRODUCTION

Patent damages must reflect the value of the patented invention itself, and no more. The Plaintiffs' licensing history shows how the market values their patents in the real world—licenses to Plaintiffs' technology (including the Asserted Patents) range from ███████████. Enter Mr. Kennedy. He opines that ███████████████████████████████████████ is relevant to damages in this case. Once unshackled from reality, Mr. Kennedy goes big. He employs never-before-seen methodologies to opine that damages for infringing eight patents could reach ██████████████████████.[1] Common sense says Mr. Kennedy's decision to ██████████ valued at under ████████ in favor of an ██████████████ number cannot possibly be right. Federal Circuit case law confirms it. Mr. Kennedy's novel "methodologies" violate bedrock tenets of patent damages law. This Court should exclude his testimony.

## II.    MR. KENNEDY'S DAMAGES MODELS

Mr. Kennedy's three nearly identical opening reports (one for each Carrier Defendant) purport to estimate ████████████████████ based on a *Georgia-Pacific* hypothetical negotiation.[2] Mr. Kennedy presents two patent valuation models: (i) a ██████████ model[3] and (ii) a ██████ model.[4] He makes adjustments to each model, including (a)████████████ ███████████[5] and (b) ██████████████████████████

---

[1] All references to exhibits are to the Declaration of Blake Bailey filed September 16, 2025 (the "Bailey Declaration") in support of this Motion. Mr. Kennedy served three opening reports. Bailey Declaration, Ex. E, ████████████████████████████ dated August 15, 2025 ██████████████"), Exhibit 35.1.

[2] Ex. A, Expert Report of David Kennedy, Case Nos. 23-cv-486; 23-cv-489 ("ATT Rpt"); Ex. B, Expert Report of David Kennedy, Case Nos. 23-cv-487; 23-cv-490 ("TMO Rpt"); Ex. C, Expert Report of David Kennedy, Case Nos. 23-cv-488; 23-cv-491 ("VZW Rpt").

[3] *See, generally,* Ex. A, ATT Rpt ¶ 697 and § 7.C.3 and Appendix C; Ex. B, TMO Rpt ¶¶ 704 and § 7.C.3 and Appendix C; Ex. C, VZW Rpt ¶ 728 and § 7.C.3 and Appendix C.

[4] *See, generally,* Ex. A, ATT Rpt at § 7.C.2 and ¶¶ 698-701; Ex. B, TMO Rpt at § 7.C.2 and ¶¶ 705-707; Ex. C, VZW Rpt at § 7.C.2 and ¶¶ 729-732.

[5] Ex. A, ATT Rpt ¶¶ 379-389; Ex. B, TMO Rpt ¶¶ 374-384; Ex. C, VZW Rpt ¶¶ 377-387.

1

██████████████

██████████████ .[6] Each report includes exhibits applying his analysis to calculate

damages for the ATL patents ('359, '402, '754, and '868) and the ISL patents ('489, '059, '559,

and '883).[7]

###   A.   Mr. Kennedy's so-called "densification" and "survey" models

**Densification Model.** Mr. Kennedy calculates damages using a ████████ damages

model, or █████████████████ for ████████████████████████

█████████████████ .[8] He starts by ██████████████████████

████████████████████████ .[9] He next assumes that each

████████████████████████████████ .[10]

Mr. Kennedy calculates ██████████████████████████

████████████████████████████████

████████████████████ .[11] Mr. Kennedy calculates ████████

████████████████████████

███ **Model.** Separately, Mr. Kennedy also purports to apply a ████████

████████████ .[12] Mr. Kennedy starts by ████████████



---

[6] Ex. A, ATT Rpt ¶¶ 803-806; Ex. B, TMO Rpt ¶¶ 809-812; Ex. C, VZW Rpt ¶¶ 834-837.

[7] Between the three reports, each of which includes a set of exhibits for the ATL patents and a set of exhibits for the ISL patents, there are six versions of each set of Kennedy exhibits. All of Mr. Kennedy's exhibits follow the same structure. This Motion attaches all versions of the Exhibits in a single attachment as "ATL/ISL Exhibits ##" with subparts 1-6.

[8] Ex. A, ATT Rpt ¶¶ 344, 697, 800 and Appendix C; Ex. B, TMO Rpt ¶¶ 339, 704, 806 and Appendix C; Ex. C, VZW Rpt ¶¶ 342, 728, 831 and Appendix C.

[9] Ex. Z, ATL/ISL Exhibit 11. Mr. Kennedy exclude ████████████████████ ████████████████████  Ex. A, ATT Rpt, ¶¶ 702-07; Ex. B, TMO Rpt, ¶¶ 708-13, Ex. C, VZW Rpt ¶¶ 733-38.

[10] Ex. A, ATT Rpt ¶¶ 344 and 352-353; Ex. B, TMO Rpt ¶¶ 339 and 347-348; Ex. C, VZW Rpt ¶¶ 342 and 350-351.

[11] Ex. A, ATT Rpt Appx C; Ex. B, TMO Rpt Appx C; Ex. C, VZW Rpt Appx C; Ex. T ATL/ISL Exhibits 5.

[12] Ex. A, ATT Rpt ¶¶ 698-701; Ex. B, TMO Rpt ¶¶ 705-707; Ex. C, VZW Rpt ¶¶ 729-732.

██████████████

███████████████████████████.[13] Next, Mr. Kennedy relies on ██████████

████ [14] ████████████████████████████████████████████████████████████

████████████████████████████████████████████████████ [15] He

████████████████████████████████████████████████████████████████

███████████████████████████████████████.[16] Mr. Kennedy

uses ██████████████████████████████████████████████████████

███████████████████████████████████.[17] ████████████████████

███████████████ [18] Next, Mr. Kennedy further adjusts the ████████████

████████████████████████████████████████████████████████████ [19]

Mr. Kennedy ████████████████████████████████████████████████████

███████████████.[20] Mr. Kennedy calculates ████████████████████████

████████████████████████████████████

### B.    Mr. Kennedy presents three separate ████████████ methods.

After calculating patent value using the supposed ████████████████ models,

Mr. Kennedy presents three ████████████████████████

**Method #1:** ████████████████████████████████ Mr. Kennedy asserts this

████████████████████████████████████████████████████████████████

█████████████████████████████████.[21] For the ██ patents purported to ██

---

[13] Ex. A, ATT Rpt ¶ 699, Ex. B,TMO Rpt ¶ 705; VZW Rpt ¶ 730; Ex. BB,ATL/ISL Exhibits 17.
[14] Ex. A, ATT Rpt ¶¶ 339-343; Ex. B, TMO Rpt ¶¶ 334-338; Ex. C, VZW Rpt ¶¶ 337-341.
[15] Ex. CC, ATL/ISL Exhibits 19
[16] Ex. BB, ATL/ISL Exhibits 19.
[17] Ex. A, ATT Rpt ¶¶ 333; Ex. B, TMO Rpt ¶ 328; Ex. C, VZW Rpt ¶¶ 331.
[18] Ex. CC, ATL/ISL Exhibits 19.
[19] Ex. A, ATT Rpt ¶¶ 699-700; Ex. B, TMO Rpt ¶¶ 706-707; Ex. C, VZW Rpt ¶¶ 730-731; Ex. Y, ATL/ISL Exhibits 10.
[20] Ex. X, ATL/ISL Exhibits 9.
[21] Ex. A, ATT Rpt ¶¶ 380-385; Ex. B, TMO Rpt ¶¶ 375-380; Ex. C, VZW Rpt ¶¶ 378-383.



████████ Mr. Kennedy compares the ████████████████████████████████

████████████████████████ [22] This creates an ██████████ t factor of ██████

██ depending on the ██████ [23] For the ██ patents that relate to ████████, Mr. Kennedy

calculates the ████████████████████████████████████████ ████████████

████████████████████████████████████████.[24]

**Method #2:** ████████████████████████████████ Mr. Kennedy

asserts that this ████████████ accounts for the value of the ████████████████

██.[25] Again, Mr. Kennedy relies on ████████████. Instead, Mr. Kennedy ████████

████████████████████████████████████████████████████

████████████████████████ ██████ ████████████████.[26]

**Method #3:** ████████████████████████ Mr. Kennedy multiplies

the ████████████████████████████████████.[27]

C.    **Mr. Kennedy's** ████████████

Finally, Mr. Kennedy applies an ████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████.[28] ████████████████████████████████████

████████████████████████████████[29]

D.    **Mr. Kennedy's estimate of up to nearly** ████████.

---

[22] Ex. A, ATT Rpt ¶¶ 380-381; Ex. B, TMO Rpt ¶¶ 375-376; Ex. C, VZW Rpt ¶¶ 378-379.
[23] Ex. W, ATL/ISL Exhibits 8.
[24] Ex. A, ATT Rpt ¶¶ 382-385; Ex. B, TMO Rpt ¶¶ 377-380; Ex. C, VZW Rpt ¶¶ 380-383.
[25] Ex. A, ATT Rpt ¶¶ 386-389; Ex. B, TMO Rpt ¶¶ 381-384; Ex. C, VZW Rpt ¶¶ 384-387.
[26] Ex. W, ATL/ISL Exhibits 8; Ex. AA ATL/ISL Exhibits 15.
[27] Ex. W, ATL/ISL Exhibits 8.
[28] *See* Ex. A, ATT Rpt ¶¶ 803-806; Ex. B, TMO Rpt ¶¶ 809-812; Ex. C, VZW Rpt ¶¶ 834-837.
[29] Ex. S, ATL/ISL Exhibit 3; Ex. V, ATL/ISL Exhibits 7.

Mr. Kennedy applies all three ▓▓▓▓▓▓▓ theories to both his ▓▓▓▓▓▓ ▓▓▓ models. Cumulatively, Mr. Kennedy calculates damages as high as almost ▓▓▓▓▓ against ▓▓▓▓▓▓.[30] The figures are summarized in the Bailey Declaration ¶¶ 4-7.

Mr. Kennedy's primary ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[31]

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

For a ▓▓▓▓▓▓▓, the model yields ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.[32]

Mr. Kennedy's primary ▓▓ model yields ▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓[33]

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

For a ▓▓▓▓▓▓▓, the model yields ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[34] Mr. Kennedy also presents the ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓[35]

---

[30] Ex. E, ▓▓▓▓▓▓▓▓▓▓, Ex. 35.5.
[31] Ex. R, ATL/ISL Exhibits 2; Ex. E, ▓▓▓▓▓▓ Ex. 35.1.
[32] Ex. DD, ATL/ISL Exhibits 23; Ex. E, ▓▓▓▓▓ Ex. 35.5.
[33] Ex. U, ATL/ISL Exhibits 6; Ex. E, ▓▓▓▓ Ex. 35.1.
[34] Ex. EE, ATL/ISL Exhibits 27; Ex. E, ▓▓▓▓ Ex. 35.5.
[35] Ex. FF, ATL/ISL Exhibits 1. Mr. Kennedy ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Ex. A, ATT Rpt ¶ 811; Ex. B, TMO Rpt ¶ 817, Ex. C., VZW Rpt ¶ 842.

## III.    LEGAL STANDARD

Rule 702 requires district courts to perform a "gatekeeping" role by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant." *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579, 597 (1993). That "is particularly essential in the context of patent damages" because of their "complex, technical" nature. *EcoFactor, Inc. v. Google, LLC*, 137 F.4th 1333, 1340 (Fed. Cir. 2025). The Court must ensure "there are sufficient facts or data for Mr. Kennedy's testimony that the ███████████████████████████████ *Id.* at 1343. The burden of proving admissibility falls on the expert's proponent. *Id.* at 1339.

## IV.    ARGUMENT



**A.    Mr. Kennedy's** ██████████████ **valuations have no basis in reality—as shown by the patents'** ██████████████████.

Mr. Kennedy would tell the jury that, for an ████████████, Plaintiffs' ████████ ████████████████████ in value to Defendants' ████████████████████████████, and █ █████████████████████████. Those figures so obviously depart from reality as to render his methodology unreliable and thus inadmissible. Plaintiffs have licensed the Asserted Patents before, yet Mr. Kennedy ██████████████████████████████████████ ██████████ Mr. Kennedy's testimony must be excluded because he ████████████ ████████████████████ "strained reasoning" designed to "increase the reasonable royalty rates above rates that are more clearly linked to the economic demand for the claimed technology." *LaserDynamics, Inc. v. Quanta Comp., Inc.*, 694 F.3d 51, 79-81 (Fed. Cir. 2012).

"The essential requirement for reliability under *Daubert* is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product." *Commonwealth Sci. & Indus. Rsch. Org. v. Cisco Sys. Inc.*, 809 F.3d 1295, 1303 (Fed. Cir. 2015) ("*CSIRO*"). The Federal Circuit has stressed that prior licenses to the asserted patents

6

are the best indicator of value, "because the parties are constrained by the market's actual valuation of the patent." *Id* at 1301. Here, a clear ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ For example:

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[36]

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[37]

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[38]

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.[39]

Despite having these (and many more) ▮▮▮▮▮▮ at his disposal, Mr. Kennedy somehow concluded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[40] But the ▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[36] Ex. I, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[37] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[38] Ex. K, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[39] Ex. L, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

[40] Ex. A, ATT Rpt at ¶¶ 417, 533; Ex. B, TMO Rpt at ¶¶ 412, 528; VZW Rpt at ¶¶ 415, 531 (emphasis added).  While Mr. Kennedy disagrees they are ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. A, ATT Rpt at 707; Ex. B, TMO Rpt, ¶ 713; Ex. C, VZW Rpt at 738.



Regardless of any other differences, ███████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████

██████████████████████████████████████████████████ *Id*.

Because Mr. Kennedy's opinions are so wildly "untethered from" the valuation reflected

in ███████████ to the Asserted Patents, they must all be excluded as "arbitrary and specu-

lative." *LaserDynamics*, 694 F.3d at 81. Experts cannot ignore █████████████████

████████████████████████████████████ *id*. at 79, in

favor of novel methodologies that "drive the royalty rate up to unjustified," and wholly unprece-

dented, "levels," *ResQNet.com, Inc. v. Lansa, Inc.*, 594 F.3d 860, 870 (Fed. Cir. 2010).

**B.    Mr. Kennedy's failure to** ███████████████████████
████████████████████████████

Rather than use time-tested ████████████, Mr. Kennedy employed never-before-

utilized methodologies. Those methodologies defy settled apportionment law and yield

dramatically inflated figures as a result. The Federal Circuit has been clear:

> [A]pportionment . . . is the governing rule where multi-component products are in-
> volved. Consequently, to be admissible, all expert damages opinions must separate
> the value of the allegedly infringing features from the value of all other features.

*CSIRO*, 809 F.3d at 1301 (citing *Ericsson, Inc. v. D-Link Sys., Inc.,* 773 F.3d 1201, 1226 (Fed.

Cir. 2014); *VirnetX, v. Cisco,* 767 F.3d 1308, 1329 (Fed. Cir. 2014)). Mr. Kennedy fails at this

step. Rather than measure ██████████████████████████████████

██████ *Ericsson*, 773 F.3d at 1226, Mr. Kennedy's damages figures improperly capture value

derived from ███████████████████████

**1.    Mr. Kennedy fails to** ██████████████████████
████████████ **for the '559, '883, '059, '359, '402, and '868 patents.**

In purporting to value each Asserted Patent, Mr. Kennedy associates them with various

8



.[41] Yet Kennedy fails to "separate the value" attributable to "the allegedly infringing" function "from the value of all other" technologies that work with it to achieve the benefits. *CSIRO*, 809 F.3d at 1301.

Mr. Kennedy's error stems in part from ███████████████████ of the Asserted Patents. For example, ████████████████████████████████████ ████████████████████████████████████████████ But Mr. Kennedy's damages models for the ██████████████ incorporate the ████████████████ ██████████[43] ████████████████████████████████████████ ████████████ ████████████████████████████████████████ ████████.[44] ██████████████████ ████████████████████████████████ ████████████████████████████ Mr. Kennedy then uses that entire ████████████ ██████████████████████████████████████████████

That analysis does not measure "the ***incremental*** value that the patented invention adds to the end product." *Ericsson*, 773 F.3d at 1226 (emphasis added). There is no evidence that █

---

[41] Ex. E, ████████████ ¶¶ 488, 488(e)(iv), 490.
[42] Ex. A, ATT Rpt ¶¶ 297-311; Ex. B, TMO Rpt ¶¶ 292-306; Ex. C, VZW Rpt ¶¶ 295-309.
[43] *See* Ex. A, ATT Rpt ¶¶ 301-310; Ex. B, TMO Rpt ¶¶ 296-304; Ex. C, VZW Rpt ¶¶ 299-308; Ex. E, ████████████ ¶ 488(e)(i).
[44] Ex. G, ██████████, at Ex. A, ¶ 888.
[45] Ex. G, ██████████, at Ex. A, ¶¶ 907-930.
[46] Ex. A, ATT Rpt ¶¶ 297-317; Ex. B, TMO Rpt ¶¶ 292-312; Ex. C, VZW Rpt ¶¶ 295-315.

9



[47] And █████

█████.[48] Indeed, █████

█████[49]█████

█████

█████[50] Accordingly, Mr. Kennedy is (at best) measuring the ██

█████

█████ That failure to apportion warrants exclusion.

Mr. Kennedy faces similar problems with the '059, '359, '402, and '868 patents, in that he attributes █████

█████

█████[52] That is not proper apportionment. *See CSIRO*, 809 F.3d at 1301; *VirnetX*, 767 F.3d at 1326.

The Court should exclude all the damages opinions for these patents.

> **2.    Mr. Kennedy's supposed █████ methodologies are fatally flawed.**

Mr. Kennedy's damages theory rests on the idea that █████

█████

---

[47] Ex. G, █████, at Ex. A, ¶¶ 927-930.
[48] Ex. H, █████ at pp. 111:13-112:2.
[49] █████
█████
[50] █████ *See* Ex. E, █████ ¶ 488.
[51] Ex. A, ATT Rpt ¶¶ 265-80; 286-92; Ex. B, TMO Rpt ¶¶ 260-75; 281-87; Ex. C, VZW Rpt ¶¶ 263-77; 283-89.
[52] Ex. E, █████ ¶¶ 488-490. *See also* Motions to strike the testimony of █████ and █████ filed contemporaneously with this Motion. Because Mr. Kennedy's analysis relies on █████



███████████████████████████████████████████████████████████████

██ [53] ████████████████████████████████████████████████████████

████████████████████████████████████████████████ █ ██████████████

█████████████████████████████████████████████████████████████

███████████████████████████████████████████ [55]

    *First*, Mr. Kennedy purports to █████████████████████████████

███████████████████████████████████████████████████████████

████████████ . [56] But rather than █████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██ . [57] ████████████████████████████████████████ that are

irrelevant to isolating the value of the Asserted Patents. *Cyntec Co. v. Chilisin Elecs. Corp.*, 84

F.4th 979, 989 (Fed. Cir. 2023). Mr. Kennedy, moreover, ████████████████████

████████████ [58] ████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

█████████████████████████████████████████████████████████████

██████████████████████████████████ . [59] "[D]erived from unreliable data and

---

[53] Ex. A, ATT Rpt ¶¶ 380-85; Ex. B, TMO Rpt ¶¶ 375-380; Ex. C, VZW Rpt ¶¶ 378-383

[54] Ex. A, ATT Rpt ¶¶ 379-389; Ex. B, TMO Rpt ¶¶ 374-384; Ex. C, VZW Rpt ¶¶ 377-387.

[55] Ex. A, ATT Rpt ¶¶ 380; Ex. B, TMO Rpt ¶¶ 375; Ex. C, VZW Rpt ¶¶ 378.

[56] Ex. A, ATT Rpt ¶¶ 386-389; Ex. B, TMO Rpt ¶¶ 381-384; Ex. C, VZW Rpt ¶¶ 384-387.

[57] Ex. E, ██████████ ¶ 515.

[58] Ex. W, ATL/ISL Exhibits 8.

[59] *See Limelight Networks, Inc. v. XO Commc'ns, LLC*, 2018 WL 678245, at *3 (E.D. Va. Feb. 2, 2018) (excluding allocation of incremental revenues based on defendant's weighted average cost of capital as "fancy guesswork" that did "not consider the actual . . . hypothetical negotiation").



built on speculation," Mr. Kennedy's calculation is unreliable. *Cyntec*, 84 F.4th at 990.

*Second*, Mr. Kennedy purports to ████████████████████████████████████ ████████████████████████████████████████████[60] For the ██ Asserted patents ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████ ██████████████████████████[61] Mr. Kennedy does not explain how ██████████████████████████████████████ ████████████████████████████████████████████ ████████████████████████████████████████.

For the ████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████.[62] But Mr. Kennedy cites no support for ████████████████████ ████████████ An "unsupported assertion" "cannot provide a sufficient factual basis for Mr. Kennedy" to value the battery savings patents. *EcoFactor*, 137 F.4th at 1344. Moreover, the ████████████████████████████████████████████████ ████████████████████████████████████████[63] Mr. Kennedy's failure to ██████████████████████████████████████ from baseband processor value renders his opinion unreliable. *VirnetX*, 767 F.3d at 1328.

*Finally*, if Mr. Kennedy's ████████████████████████████████████

---

[60] Ex. A, ATT Rpt ¶¶ 380-385; Ex. B, TMO Rpt at 375-380; Ex. C, VZW Rpt at 378-383.
[61] ATT Rpt ATL/ISL Exhibit 18; TMO Rpt ATL/ISL Exhibit 18; VZW Rpt ATL/ISL Exhibit 18.
[62] Ex. A, ATT Rpt ¶¶ 386-389; Ex. B, TMO Rpt at 381-384; Ex. C, VZW Rpt at 384-387.
[63] Ex. E, ████████████ ¶ 520.



████████ made sense (they do not), there would be no reason to stop at the ██████ ████████████ Rather, he also should have ██████████████████████████████ ████████████████████████████████████████████████ Like-wise, Mr. Kennedy should have ████████████████████████████████████████ ██████████████████████████████████ [64] For example, while the exact number of essential patents is unknown, the court in *Unwired Planet v. Huawei* (in which ████████████████████████████) estimated there were 684 essential 4G infrastructure patent families as of January 2015.[65] And PA Consulting (another source on which Celerity relies) estimates ████████████████████████████████████████.[66]

Accordingly, the Court should exclude of Mr. Kennedy's damages models.

C.    **Mr. Kennedy's models for the '754, '559, and '883 patents include** ████ ████████████████

Mr. Kennedy also failed to ██████████████████████████████████████ claims of the '754, '559, and '883 patents in ████████████████. Mr. Kennedy's errors "in his calculation of the royalty base" for damages warrant exclusion of his testimony. *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1357-58 (Fed. Cir. 2022).

All damages calculations must identify the infringing products based on reliable evidence and ██████████████████████████████. In *Power Integrations v. Fairchild Semicon-ductor*, for example, the Federal Circuit held that the district court abused its discretion in admit-ting damages testimony that assumed, without evidence, that ***all*** Samsung mobile phone sales

---

[64] Further, to the extent the Asserted Patents are standard essential, Mr. Kennedy was also required to ████████████████████████████████████████ ████████████████████████████ which he failed to do. CSIRO, 809 F.3d at 1305.

[65] Ex. O, *Unwired Planet v. Huawei*, at ¶ 378.

[66] Ex. P, PA Consulting 5G Report, at NOK_CELERITY_02033715-716.

██████████████████

included infringing chargers. 711 F.3d 1348, 1373 (Fed. Cir. 2013). Similarly, *Niazi* upheld the exclusion of damages testimony that assumed, without evidence, that **all** of the defendant's sales of a medical device infringed. 30 F.4th at 1343-44. And in *Cyntec*, the Federal Circuit held that the district court abused its discretion in admitting damages testimony that relied on revenue data that included both infringing and non-infringing revenues. 84 F.4th at 989.

Mr. Kennedy ████████████████████████ in *Power Integrations*, *Niazi*, and *Cyntec* ███████████████████████████████████



Mr. Kennedy's damages models account for none of that. Instead, they ████████

██████████████████████████████████████████████

For example, for his ████████████████████████████████

████████████████████████████████████

████████████████ For his ███████████████████████████

---

[67] Ex. F, ████████████ Ex. A ¶ 389, Ex. B ¶ 370, Ex. C ¶ 368; ████████████, at Ex. A ¶¶ 332-333, Ex. B ¶¶ 317-318, Ex. C ¶¶ 315-316; Ex. H, ████████████████████ dated Aug. 22, 2025 at 149:16-150:9.
[68] Ex. E, ████████████ ¶ 488.



███████████ So Mr. Kennedy assumes ████████████████

Mr. Kennedy's failure to ███████████████████████████████

████████████████████ those Asserted Patents renders his opinions "legally insuffi-

cient." *Niazi*, 30 F.4th at 1357-58 (emphasis added).

The Court should exclude all damages models for the '754, 559, and '883 patents.

**D.    Mr. Kennedy's** ██████████████████████████
████████████████████████████

A fundamental part of "the gatekeeping function of the court" is "to ensure that there are

sufficient facts or data for Mr. Kennedy's testimony" on damages. *EcoFactor*, 137 F.4th at 1343.

Here, "a fundamental premise" of Mr. Kennedy's ████████████████████████

████████████████████████████████████████████████████

████████████████████████ *Id.* at 1345. But that premise is plainly "not based on

sufficient facts or data" or ***any*** facts or data. *Id.*

Mr. Kennedy's ███████████████████████████████

███████████████████████ [70] He next assumes that, ███████████████

████████████████████████████████████████████████

████████████████████████ But that assumption would be correct only if: (1) █████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[69] Ex. A, ATT Rpt ¶¶ 698-701; Ex. B, TMO Rpt ¶¶ 705-707; Ex. C, VZW Rpt ¶¶ 729-732.

[70] Ex. A, ATT Rpt ¶¶ 274, 285, 292, 296, 305, 311; Ex. B, TMO Rpt at 269, 280, 287, 291, 300, 306; Ex. C, VZW Rpt ¶¶ 272, 283, 290, 294, 303, 309.

[71] Ex. A, ATT Rpt ¶¶ 274, 285, 292, 296, 306, 311; Ex. B, TMO Rpt at 269, 280, 287, 291, 301, 306; Ex. C, VZW Rpt at 272, 283, 290, 294, 304, 309.



(2) ███████████████████████████████████████████

███████████ and (3) ████████████████████████████

████████████████████████████ .

"When evaluating the sufficiency of an expert's factual basis for the propositions asserted as the expert's opinion, a court examines the evidence on which the expert purports to rely." *EcoFactor*, 137 F.4th at 1345. Mr. Kennedy cites no evidence that ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████ [72]

Nonsense. Even if the Carriers were proven ██████████████████ that does not constitute evidence that the Carriers have ***in fact achieved everything*** ██████████████ ████ would, in a perfect world, achieve. Mr. Kennedy's premise that the ████████████ ████████████████████████████ "built on speculation." *Power Integrations*, 711 F.3d at 1372. And even if the ████████████████████████████████

████████████████████████████████████████████████

██████████████ [73] Mr. Kennedy offered no evidence to support his flawed assumptions—and his "lack of relevant technical expertise" on that issue renders him unqualified to opine regardless. *Sundance, Inc. v. DeMonte Fabricating Ltd.*, 550 F.3d 1356, 1364-65 (Fed. Cir. 2008).

---

[72] Ex. A, ATT Rpt ¶ 355; Ex. B, TMO Rpt ¶ 350; Ex. C, VZW Rpt ¶ 353.
[73] Nor does ████████████████████████████████████████████
████████████████████████████████████████████████



Indeed, the facts of the case demonstrate that Mr. Kennedy's assumptions are incorrect.



██████████████████████████████████████████████████████ ■ Accordingly, Mr. Kennedy's

assumption is not only unsupported, it is wrong.

Mr. Kennedy also ignores ████████████████████████████████████████

████████████████████████████████████████████, *Riles v. Shell Expl. &*

*Prod. Co.*, 298 F.3d 1302, 1312 (Fed. Cir. 2002)—██████████████████████████

██████████████████████████████████.[75] Mr. Kennedy pro-

vides ██████████████████████████████████████████████████

█████████████████████████████████████████████

██████████████████████████████ renders his decision unreliable: ██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

██████████████████████████████████████████

Because Mr. Kennedy's ██████████ model is grounded in an incorrect assumption, is

"not based on sufficient facts," and ignores ██████████████████████, it would be an

"abus[e of] discretion" to admit it into evidence. *EcoFactor*, 137 F.4th at 1345, 1346.

**E.    Mr. Kennedy's ██████████████████████████████**
**██████████████████████**

After he purported to determine the value of the patented technology, Mr. Kennedy

opined that ████████████████████████████████████████████

████████████████████████████████████████████████████

---

[74] Ex. E, ██████████ ¶ 510.
[75] Ex. E, ██████████████ ¶ 510.



.[76] The result? ███████████████████████████████ [77]

Experts cannot base a ███████ on a "general theory" that is not tied "to the facts of the case." *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292, 1316 (Fed. Cir. 2011). Mr. Kennedy's use of the ████████████████████████████████████████████ ██████████████████ rejected in *Uniloc* and *VirnetX*. Without citing any support, his report states that ██████████████████████████████████████████████ ████████████████████████[78] Whether that is true or not, he fails to show that the ████ ████████████████████████████████████████████ ████████████████████████████ in this case. *Uniloc*, 632 F.3d at 1317. Because Mr. Kennedy's ████████████████████████████████████ his testimony should be excluded. *Uniloc*, 632 F.3d at 1318.

Mr. Kennedy's ██████████████ is also biased. █████████████████████



████████████████████████████████████ That means that under Mr. Kennedy's method, ████████████████████████████████████████████ ████████████████████████████████████████████ ████████████████ Moreover, given that the ████████████████████ ████████████████████████████████████████████

Neither can be right. In *Fundamental Innovation*, a district court rejected a bargaining split based on the licensee's "expected return on invested capital." 2025 WL 459916, *15-16 (D. Del. Feb. 11, 2025). This Court should exclude Mr. Kennedy's damages opinions for the same reason.

---

[76] Ex. A, ATT Rpt ¶¶ 803-806; Ex. B, TMO Rpt at 809-812; Ex. C, VZW Rpt at 834-837.
[77] Rough Deposition Transcript of D. Kennedy dated Sept. 12, 2025 ("Kennedy Depo"), p. 242:11-21.
[78] Ex. A, ATT Rpt ¶ 805; Ex. B, TMO Rpt ¶ 811; Ex. C, VZW Rpt ¶ 836.
[79] Ex. E, ██████████ ¶ 536.c.

███████████

**F.      Mr. Kennedy's damages models are unreliable because they depend on**

███████████████████████

An "expert's testimony must be reliable at each and every step or else it is inadmissible."

*Knight v. Kirby Inland*, 482 F.3d 347, 355 (5th Cir. 2007). Here, both of Mr. Kennedy's damages

models depend on the ██████████████████████████████████

█████████████.[80] Mr. Kennedy's ██████████████████████████

████████[81] Defendants have explained why each of those experts' opinions are themselves

unreliable and inadmissible in separate motions to exclude their testimony (filed contem-

poraneously with this motion). If the Court excludes any or all of their opinions, it should

exclude Mr. Kennedy's damages models to the extent they depend on those opinions as well.

**G.      Mr. Kennedy's report seeks to improperly introduce inflammatory,
irrelevant evidence.**

Mr. Kennedy's report includes references to "large . . . figure[s]" of "dubious" relevance

that "should be excluded" due to the "risk of unfair prejudice" to the Defendants. *Optis Cellular*

*Tech. v. Apple Inc.*, 139 F.4th 1363, 1385 (Fed. Cir. 2025).



██████████████. Mr. Kennedys' report references ████████████

████████████████████.[82] That is impermissible. "██████████████

██████████████████████████████████████

██████████████████████████████████

██████████████████. They should be excluded.

██████████████. Mr. Kennedy seeks to introduce ████████████

---

[80] Ex. A, ATT Rpt ¶¶ 265-311; Ex. B, TMO Rpt ¶¶ 260-306; Ex. C, VZW Rpt ¶¶ 263-309.
[81] Ex. A, ATT Rpt ¶¶ 332-333, 339-343; Ex. B, TMO Rpt ¶¶ 327-328, 334-338; Ex. C, VZW Rpt ¶¶ 330-331, 337-341.
[82] *See, e.g.*, ATT Rpt ¶¶ 32, 87-88, 94, 98-100, 102, 108 and 226; TMO Rpt ¶¶ 88-89, 95, 99-101, 103, 109, 227 and 703; VZW Rpt ¶¶ 85-86, 88, 92, 96-98, 100, 106, 224, 727 and 729; and Kennedy Rebuttal Report ¶ 40 and Exhibits 6A, 6B, 6C, 6D, 6E, and 6F.



.[83] Those figures are irrelevant to Mr. Kennedy's damages calculation for Defendants' purported infringement of the accused patents and otherwise prejudicial.

. Mr. Kennedy's report references

.[84] Other than his references in his                    , Mr. Kennedy's models do not rely on

Nor has Mr. Kennedy adequately connected Defendants'

Finally, Mr. Kennedy makes numerous

Those inflammatory and unsupported allegations have no bearing on a reasonable royalty in this case. Nor do Plaintiffs allege antitrust damages. Mr. Kennedy's insinuation seeks only to unduly prejudice Defendants.

## V.    CONCLUSION

The Court should exclude Mr. Kennedy's damages opinions.

---

[83] *See, e.g,* Ex. A, ATT Rpt ¶¶ 32-33, 81, 83, 88-90, 94, 97-98, 100-104, 115-16, 150-151, 154-155, 159, 161, 173-174, 182, 198, 214-215, 220, 222-224 and 340-343; Ex. B, TMO Rpt ¶¶ 82, 84, 89-91, 95, 98-99, 101-105, 116-117, 151-152, 155-156, 160, 162, 173-175, 183, 199, 215-216, 221, 223-225 and 335-348; Ex. C, VZW Rpt ¶¶ 79, 81, 86-88, 92, 95-96, 98-102, 113-114, 148-149, 152-153, 157, 159, 171-172, 180, 196, 212-213, 218, 220-222 and 338-341.

[84] *See, e.g.,* Ex. A, ATT Rpt ¶¶ 170-172, 180-182, 185-189, 191, 198, 203, 205, 207-209, 212-214 and 216; Ex. B, TMO Rpt ¶¶ 171-173, 181-183, 186-190, 192, 199, 204, 206, 207-210, 213-215 and 217; and Ex. C, VZW Rpt ¶¶ 168-170, 178-180, 183-187, 189, 196, 201, 203, 205-207, 210-212 and 214.

[85] Ex. A, ATT Rpt ¶¶ 39 and 75-78; Ex. B, TMO Rpt ¶¶ 38 and 76-79; Ex. C, VZW Rpt ¶¶ 37 and 73-76; Ex. D, Kennedy Rebuttal Report ¶¶ 46-48.

Dated: September 16, 2025

Respectfully submitted,

/s/ *Nicholas Mathews*
Nicholas Mathews
Texas State Bar No. 24085457
nmathews@McKoolSmith.com
Warren Lipschitz
Texas State Bar No. 24078867
wlipschitz@McKoolSmith.com
Eric Hansen
TX State Bar No. 24062763
ehansen@mckoolsmith.com
Erik Fountain
Texas State Bar No. 24097701
efountain@mckoolsmith.com
Jonathan Powers
Texas State Bar No. 24098277
jpowers@mckool.smtih.com
Alex Chern
Texas State Bar No. 24109718
achern@mckoolsmith.com
Joseph Michelli
Texas State Bar No. 24107546
jmichelli@mckoolsmith.com
Samuel L. Moore
TX State Bar No. 24132421
smoore@mckoolsmith.com
**MCKOOL SMITH, P.C.**
300 Crescent Court Suite 1500
Dallas, TX 75201
Telephone: (214) 978-4000
Telecopier: (214) 978-4044

Joshua Budwin
Texas State Bar No. 24050347
jbudwin@mckoolsmith.com
Kevin Hess
Texas State Bar No. 24087717
khess@McKoolSmith.com
Matthew Cameron
Texas State Bar No. 24097451
mcameron@mckoolsmith.com
**MCKOOL SMITH, P.C.**
303 Colorado Street, Suite 2100
Austin, TX 78701
Telephone: (512) 692-8752

21

Telecopier: (512) 692-8744

John Briody
New York State Bar No. 4231270
jbriody@mckoolsmith.com
Eliza Beeney
New York State Bar No. 5518972
ebeeney@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-402-9400

Blake H. Bailey
Texas State Bar No. 24069329
bbailey@mckoolsmith.com
Saif Askar
NY State Bar No. 5833181
saskar@McKoolSmith.com
David C. Kellam
Texas State Bar No. 24127173
dkellam@mckoolsmith.com
**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430

22

Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**COUNSEL FOR AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AND AT&T SERVICES, INC. T-MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ERICSSON INC., AND NOKIA OF AMERICA CORPORATION**

23

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on September 16, 2025

*/s/ Nicholas Mathews*
Nicholas Mathews

**CERTIFICATE OF CONFERENCE**

I hereby certify that pursuant to Local Rules CV-7(h) and (i), counsel for Defendants/Intervenors conferred with counsel for Plaintiffs regarding this motion Plaintiffs indicated that they do oppose the relief sought herein.

*/s/ Nicholas Mathews*
Nicholas Mathews

**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

*/s/ Nicholas Mathews*
Nicholas Mathews

24