IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **ASUS TECHNOLOGY LICENSING INC. AND CELERITY IP, LLC**, <br><br> Plaintiffs, <br><br> v. <br><br> **AT&T CORP.,** <br>**AT&T MOBILITY LLC,** <br>**AT&T MOBILITY II LLC, AND** <br>**AT&T SERVICES, INC.,** <br><br> Defendants. <br><br> **ERICSSON INC.,** <br>**NOKIA CORPORATION OF AMERICA,** <br><br> Intervenors. | Civil Action No. 2:23-cv-486 <br> LEAD CASE <br><br> **JURY TRIAL** <br><br> ▆▆▆▆▆▆▆▆ |

**PLAINTIFFS' OPPOSITION TO MOTION TO EXCLUDE
DAMAGES EXPERT OPINIONS OF DAVID KENNEDY**

11491871

**TABLE OF CONTENTS**

**Page**

I.    BACKGROUND ........................................................................................................1

II.   ARGUMENT............................................................................................................5

    A.    Mr. Kennedy Appropriately Considered ███████████████ ................6

    B.    Mr. Kennedy's Analysis Complies With Federal Circuit Apportionment Law ........................................................................................................7

        1.    Mr. Kennedy's Damages Models Are ████████████████ ████ ........................................................................................7

        2.    Mr. Kennedy's████████████████████ ████████ ........................................................................................10

    C.    Mr. Kennedy's Damages Model For The '754, '559, and '883 Patents Is Appropriate .......................................................................................12

    D.    Mr. Kennedy's ██████████████ Is Well Supported ...........................14

    E.    Mr. Kennedy's █████████████ Is Appropriate And Accepted .....................17

    F.    The Inputs To Mr. Kennedy's Damages Model Are Accurate...................................19

    G.    Mr. Kennedy's Testimony Is Relevant And Appropriate...........................................19

III.  CONCLUSION .....................................................................................................20

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Apple Inc. v. Motorola, Inc.*,
757 F.3d 1286 (Fed. Cir. 2014)............................................................................8, 16

*Correct Transmission v. Nokia*,
2:22-CV-343-JRG, EDTX, Trial Tr. Day 2, October 31, 2024........................................19

*Cyntec Co. v. Chilisin Elecs. Corp.*,
84 F.4th 979 (Fed. Cir. 2023) ......................................................................... 11, 14

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*,
2025 WL 1811921 (E.D. Tex. July 1, 2025) ........................................................ 11, 12, 19

*Ericsson, Inc. v. D-Link Sys., Inc.*,
773 F.3d 1201 (Fed. Cir. 2014)..............................................................................9

*Fundamental Innovation Sys. Int'l LLC v. Anker Innovations Ltd.*,
2025 WL 459916 (D. Del. Feb. 11, 2025) ..................................................................18

*General Access Solutions Ltd., v. Cellco Partnership D/B/A Verizon Wireless, et al.*,
Case No. 2:22-394-JRG................................................................................ 15, 16

*Headwater Research LLC v Samsung Elecs. Co., Ltd.*,
Case No. 2:23-cv-00103-JRG-RSP, Dkt. 201 (E.D. Tex.) ............................................ 18, 19

*Headwater Rsch. LLC v. Samsung Elecs. Co.*,
2024 WL 4712953 (E.D. Tex. Nov. 7, 2024)........................................................10, 16, 18

*Headwater Rsch. LLC v. Verizon Commc'ns Inc.*,
2025 WL 1739337 (E.D. Tex. June 23, 2025)......................................................12, 16, 18

*i4i Ltd. P'ship v. Microsoft Corp.*,
598 F.3d 831 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91, 131 S. Ct. 2238, 180 L. Ed. 2d
131 (2011)......................................................................................... 12, 16

*Micro Chem., Inc. v. Lextron, Inc.*,
317 F.3d 1387 (Fed. Cir. 2003)............................................................................7, 17

*Monsanto Co. v. McFarling*,
488 F.3d 973 (Fed. Cir. 2007)..............................................................................9

*Nanoco Techs Ltd. v. Samsung Elecs Co. Ltd., et al.*,
2022 WL 10986185 (E.D. Tex. Sept. 21, 2022)...........................................................19

*Netlist, Inc. v. Samsung Elecs. Co., Ltd.*,
    Case No. 2:21-cv-00463, Dkt. 432 (E.D. Tex. Apr. 5, 2023) ............................................................10

*Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*,
    30 F.4th 1339 (Fed. Cir. 2022) ............................................................14

*Powell v. Home Depot U.S.A., Inc.*,
    663 F.3d 1221 (Fed. Cir. 2011)............................................................ 6, 8, 18

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    711 F.3d 1348 (Fed. Cir. 2013)............................................................14

*Prism Techs. LLC v. Sprint Spectrum L.P.*,
    849 F.3d 1360 (Fed. Cir. 2017)............................................................ 6, 9, 18

*Summit 6, LLC v. Samsung Elecs. Co.*,
    802 F.3d 1283 (Fed. Cir. 2015)............................................................6, 17

*Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*,
    2024 WL 5247151 (E.D. Tex. Dec. 30, 2024) ............................................................13

**Statutes**

35 U.S.C. § 284 ............................................................6

**Rules**

Rule 702............................................................17

\* For brevity, and because Defendants' Motion does not make any argument specific to a particular Defendant, Plaintiffs' Opposition cites only to Mr. Kennedy's Opening Report with respect to Defendant AT&T. The relevant sections are included in each of Mr. Kennedy's Opening Reports, and the arguments set forth herein apply to each of Mr. Kennedy's Opening Reports.

█████████████

Defendants' challenge to Mr. Kennedy's analysis rests on a gross mischaracterization of his opinions, starting with the first paragraph of their brief, which references a ███████ damages number that Mr. Kennedy does not actually propose, while inexplicably omitting his opinion that the reasonable royalty would range from ████████████████ per service provider for a ████████████████████████████████████████ ████████████████████████. Exs. 2-7 at 1 (exhibits to Mr. Kennedy's opening report showing "Summary of Patent Damages" for each Defendant).

## I.    BACKGROUND

Mr. Kennedy relied on the █████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████. Ex. 1, § 6.B, 6.C (██████████ ████████████). In particular, ██████████████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████████████████. *Id.* ¶¶ 329-393.

At a high level, the ██████████████████████ ████████████████████████████████████ ██████████████████. In particular, Mr. Kennedy relied on ███████████ ████████████████████████████████████ ████████████████████████████████████ ████████████████████. *Id.* ¶ 344. *See also id.* ¶ 253 (██████).

Mr. Kennedy's approach is █████████████████████. *Id.* ¶¶ 254-256 (████████ ████████████████████████████████████)

███████████

███████████████████████████████ Based on data produced in this case, Mr.

Kennedy calculated the ████████████████████████████████████████

████████████████████████████. *Id.* ¶¶ 364-378.

Mr. Kennedy also analyzed ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. *Id.* ¶ 344.

While these steps already ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████. For example, Mr.

Kennedy explains █████████████████████████████████████████

████████████████████████████████████████████████. *Id.*

¶ 380. Mr. Kennedy therefore applies ██████████████████████

████████████████████████████████████████████████████

████████████████████ *Id.* In other words, the Plaintiffs should not be able to ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 381.

For the patents which ██████████████████████████████████

████████████████████████████████████████████████████

████████████████████████ *Id.* ¶ 381. Mr. Kennedy determines ███████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████ *See* Ex. 2 (Kennedy

██████████

Op. Rpt. ATL Exhibits) at Exhibit 4B.

For the patents which ████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 1, ¶ 382.

Mr. Kennedy explains ███████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████████. *See also* Ex. 2 at Exhibit 8B.

Second, Mr. Kennedy explains that based on his experience, ████████████████

████████████████████████████████████████████████████

████████████████████ *Id.* ¶ 386. Mr. Kennedy explains that in this case, ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████ *Id.* ¶ 387. Mr. Kennedy explains that ████████████████████

████████████████████████████████████████████████████

████████████████████████████████ *Id.* ¶ 388.

Mr. Kennedy then proceeds to analyze █████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████████████████████████. *Id.* ¶¶ 749-819. He concluded that the parties would

ultimately ████████████████████████████████████████████ at least because:

- ████████████████████████████████████████████████████

██████████

- ████████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████████████████████████████ and

- ████████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████████████████████████████████████████████

  ██████████

*Id.* ¶¶ 800-802, 807-808. Mr. Kennedy explains, however, that based ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ *Id.* ¶ 805. Mr.

Kennedy explains that ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████ *Id.* This analysis is tied to the

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Ultimately, Mr. Kennedy's concludes that damages ██████████████████████████████.

*Id.* ¶¶ 722-725. Mr. Kennedy's ████████████████████████████████████████

███████████

███████████████████.[1] An example is shown below:



## II.    ARGUMENT

Mr. Kennedy's damages analysis is based on ████████████████████

████████████████████████████████████████████████

████████████████████████ Ex. 12 (█████ Tr., AT&T) 77:14-17 ████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████ Ex. 14 (█████ Tr.) 95:10-22 ████████████████

████████████████████████████████████████████████

---

[1] Defendants mischaracterize Mr. Kennedy's damages opinions. Mot. at 6 ████████████
████████████████████████████████████████████████
████████████████████████████████████████████████
████████████████████████████████████. Exs. 2-7 at 1.

███████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████████████████████

**A.      Mr. Kennedy Appropriately Considered** ███████████████████████

Defendants first argue that Mr. Kennedy's opinions should be excluded because he allegedly

████████████████████████████████ Dkt. 579 at 6. But this is simply not true. Mr. Kennedy

███████████████████████████████████████

███████████████████████████████████████ . Ex. 1, § 8 (Licenses). *See also*

Ex. 2 at 143-294 █████████████████████████████ Defendants'

disagreement with his conclusion is not a basis for exclusion. ████████████████

███████████████████████████████████████

███████████████████████████████████████ .

Because Mr. Kennedy concluded ████████████████████

███████████████████████████████████████

███████████████████████████████ 35 U.S.C. § 284.

Such methodologies are commonly used and readily accepted. *Prism Techs. LLC v. Sprint Spectrum L.P.*,

849 F.3d 1360, 1375-76 (Fed. Cir. 2017) (awarding full amount of cost savings to plaintiff); *Powell v.*

*Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240 (Fed. Cir. 2011) (same); *Summit 6, LLC v. Samsung Elecs.*

*Co.*, 802 F.3d 1283, 1299 (Fed. Cir. 2015) (affirming damages award based on survey evidence).

Defendants do not dispute that these are Federal Circuit-approved methodologies. Instead,

they claim that Mr. Kennedy's analysis should be excluded because it is ████████████████

████████████████████ Defendants cite no legal authority for the idea that a damages

analysis that comports with Federal Circuit law should be excluded simply because ██████████

██████████████

██████████████████████████████████████████████████. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387, 1391-92 (Fed. Cir. 2003) (applying Fifth Circuit law) ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."). Moreover, Defendants' comparison of Mr. Kennedy's

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████. Ex. 1, ¶ 492. Defendants rely on unsupported arguments ████████████████

████████████████████████████████████ Mot. at 7, ████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████████████

████████ Ex. 1, ¶¶ 494-502. Similarly, ████████████████████████

████████████████████████████████. Ex. 1, ¶ 457. Again, Defendants assert based on nothing more than their own expert's opinion ████████████████████

████████████████████████████████████ Ex. 1, ¶¶ 458-466.[2] In addition, ████████████████████████████████████████████████████

████ ██ ████ ████ █ ████ ██ ████ █ ████ █ ████

████████████████████████████████. Ex. 1, ¶ 639.

### B.    Mr. Kennedy's Analysis Complies With Federal Circuit Apportionment Law

1.    <u>Mr. Kennedy's Damages Models</u> ████████████████████

Contrary to Defendants' suggestion, Mr. Kennedy's analysis applies ████████████

████████ that the Federal Circuit has explicitly endorsed, not a "never-before-utilized"

---

[2] Defendants argue in a footnote Mr. Kennedy ████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████. Ex. 1, ¶¶ 702-707.

methodology. The Federal Circuit and countless other courts have endorsed calculating patent damages by "estimat[ing] the value of the benefit provided by the infringed features by comparing the accused product to non-infringing alternatives." *Apple Inc. v. Motorola, Inc.*, 757 F.3d 1286, 1315 (Fed. Cir. 2014); *Powell v. Home Depot U.S.A., Inc.*, 663 F.3d 1221, 1240 (Fed. Cir. 2011) (damages based on "value of the benefit conferred to the infringer by use of the patented technology").

Mr. Kennedy's approach follows this exact methodology. He relied on ██████████████ ████████████████████████ :

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████ Ex. 1, ¶¶ 304-305, 310-311.

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████ Ex. 3 at 36.

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████ Ex. 1, ¶¶ 267-268.

- ████████████████████████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████████ Ex. 1, ¶¶ 273-274.

- ████████████████████████████████████████████████ ████████████████████████████████████████████████

██████████

█████████████████████████████████████████ Ex. 2 at 37.[3]

Mr. Kennedy then ████████████████████████████████

████████████████████████████████████████████████████

Mr. Kennedy's analysis thus complies with the Federal Circuit's ███████████████████.

*Prism Techs. LLC v. Sprint Spectrum L.P.*, 849 F.3d 1360, 1376 (Fed. Cir. 2017) (requirement to "carefully tie proof of damages to the claimed invention's footprint in the market place,'. . . can be met if the patentee adequately shows that the defendant's infringement allowed it to avoid taking a different, more costly course of action"); *Monsanto Co. v. McFarling,* 488 F.3d 973, 980 (Fed. Cir. 2007) ("Because using conventional soybeans was the most logical alternative to either licensing or infringing, that value provided a reasonable basis for estimating the advantages conferred by the use of the patented technology."). Indeed, that Mr. Kennedy tailored his analyses ████████████████████████

████████████████████████████████████████████ *See Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1226 (Fed. Cir. 2014) ("Logically, an economist could [apportion] in various ways . . . . The essential requirement is that the ultimate reasonable royalty award must be based on the incremental value that the patented invention adds to the end product.").

Defendants' argument ████████████████████████████████████ is legally not relevant. ███████████████████████████████████

███████████████████████████████████████████ ██████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

█████████████████████████████████████████████████████

---

[3] ███████████████████████████████████████████████████.

████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████

2.    Mr. Kennedy's ████████████████████ <u>Are Supported By The Evidence</u>

Defendants' argument that Mr. Kennedy's ████████████████████ are flawed is also wrong.

First, Defendants nit-pick Mr. Kennedy's ████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████. This is not true. Mr. Kennedy explained ████████████████

████████████████████████████████████████████████████████████

████████████████████████ Ex. 1, ¶ 387. However, he explains that, ████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████ *Id.* ¶¶ 386-389. Mr. Kennedy further explained that ████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████ *Id.* ¶ 389. But

neither Defendants, nor its experts, have come forward with any such evidence. This Court has held

that, under such circumstances, "it is within the purview of an expert to opine from the best available

evidence rather than perfect evidence." *Headwater Rsch. LLC v. Samsung Elecs. Co.*, 2024 WL 4712953,

at *6 (E.D. Tex. Nov. 7, 2024) (rejecting challenge to Mr. Kennedy's similar use of "SG&A and R&D"

apportionments); *Netlist, Inc. v. Samsung Elecs. Co., Ltd.,* Case No. 2:21-cv-00463, Dkt. 432 (E.D. Tex.

Apr. 5, 2023) at 4 (denying motion to exclude similar apportionment (citing Dkt. 426 (E.D. Tex. Apr.

3, 2023), at 217-18 (denying motion after hearing argument that "gross margin" and "R&D"

███████████████

apportionment factors "make no sense" at pgs. 180-183)).[4]

Second, Defendants argue Mr. Kennedy's ██████████ ██████████ ███████████████ is unsupported. Mot. at 12-13. Again, Defendants are wrong. Mr. Kennedy explains that this

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████████ Ex. 1, ¶ 380.

For the Asserted Patents ████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████████████████████████. *Id.* ¶ 381. Defendants have failed to offer any

evidence of ██████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

*Daingean Techs. Ltd. v. T-Mobile USA, Inc.*, 2025 WL 1811921, at *2 (E.D. Tex. July 1, 2025) ████████████

██████████████████████████████████

For the Asserted Patents which ████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[4] Defendants' reliance on *Cyntec Co. v. Chilisin Elecs. Corp.*, is misplaced. 84 F.4th 979, 989 (Fed. Cir. 2023). In *Cyntec*, Plaintiffs' expert calculated damages based on **products that did not infringe**. *Id.* ("this data . . . contains the sales of products and services that cannot or do not contain the accused chokes."). The court therefore found the analysis should have been excluded because it calculated damages based on non-infringing products. *Id.* █████████████████████████████████████████████

██████████████

████████████████████████████████████████████████████████████████ Ex. 1, ¶ 382.

Mr. Kenedy explains ████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████ *Id.* ¶ 383. Contrary to Defendants' baseless assertions, Mr.

Kennedy therefore ███████████████████████████████████████████████████████████ .

Defendants' complaints, including that Mr. Kennedy███████████████████████████

███████████████ go to the weight of the testimony, not its admissibility. *i4i Ltd. P'ship v. Microsoft*

*Corp.*, 598 F.3d 831, 854 (Fed. Cir. 2010), *aff'd*, 564 U.S. 91, 131 S. Ct. 2238, 180 L. Ed. 2d 131 (2011)

("Microsoft's quarrel with the facts Wagner used go to the weight, not admissibility, of his opinion.");

*Headwater Rsch. LLC v. Verizon Commc'ns Inc.,* 2025 WL 1739337, at *5 (E.D. Tex. June 23, 2025)

(accepting apportionment based on operating costs where expert explained why it was tied to the facts

of the case, "Mr. Bergman's apportionment is sufficiently tied to the facts of the case. Defendants'

arguments against Mr. Bergman's methodology go towards its weight, not its admissibility.").

Defendants' motion should be denied because "Defendants' proper recourse is vigorous cross-

examination and presenting evidence of their own." *Daingean*, 2025 WL 1811921, at *2.

## C.    Mr. Kennedy's Damages Model For The '754, '559, and '883 Patents Is Appropriate

The premise of Defendants' argument as to the '754, '559, and '883 Patents, that ████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████

With respect to the '559 and '883 Patents, ████████████████████████████████████

████████████Plaintiffs' expert ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████████

**Filed Under Seal**



. Ex. 8 (Chen (AT&T) Tr.) 19:24-20:15 (

Ex. 9 (Caine (AT&T) Tr.) 8:18-24

Ex. 10 Barawkar (T-Mobile) Tr. 76:4-77:9

Ex. 11 (Kondratiuk (Verizon) Tr.) 29:13-30:2

Mr. Kennedy therefore appropriately includes

This Court has explained Mr. Kennedy's approach is valid, and any criticisms Defendants may have go to the weight of Mr. Kennedy's testimony, not its admissibility. *Touchstream Techs., Inc. v. Charter Commc'ns, Inc.*, 2024 WL 5247151, at *2 (E.D. Tex. Dec. 30, 2024) ("Here, Dr. Mangum applied a royalty rate found in the Quadriga Agreement to a base of all devices capable of infringing (or, alternatively, all accounts with access to one or more devices that are capable of infringing). . . . Other courts have found a similar approach acceptable. [collecting cases]. This Court agrees. Comcast raises valid concerns regarding Dr. Mangum's failure to directly address Comcast's actual use data, but the proper solution to this neglect is vigorous cross-examination.").

With respect to the '754 Patent, Defendants are incorrect in arguing that Plaintiffs

*See, e.g.*, Ex. 15 (Feuerstein Opening Ex. A), ¶ 45

, ¶ 332

. Mr. Kennedy therefore appropriately

. Nor would Defendants assertions be grounds for exclusion; at most, it goes to the weight of evidence and the experts can be cross-

████████████

examined, e.g., on ████████████████████████████████████████████████████

████████████████████████████████████████████████████████

Defendants' cited cases are ████████. In each case, Plaintiffs' expert based their damages calculation on non-infringing products. *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*, 711 F.3d 1348, 1373–74 (Fed. Cir. 2013) ("the document on which Dr. Troxel relied for his worldwide damages estimate indicated worldwide shipments of Samsung's mobile phones. As Dr. Troxel testified, however, the infringing power circuits were found in mobile phone chargers, not in mobile phones."); *Cyntec*, 84 F.4th 979, 989 ("this data for calculating importation rates contains the sales of products and services that cannot or do not contain the accused chokes"); *Niazi Licensing Corp. v. St. Jude Med. S.C., Inc.*, 30 F.4th 1339, 1356 (Fed. Cir. 2022) ("The district court excluded Mr. Carlson's expert opinion as legally insufficient because Mr. Carlson failed to 'apportion' between infringing and noninfringing uses and because he could not properly include leads in the royalty base."). Here, Mr. Kennedy includes the ████████████████████████████████████████████████████

████████████████████████████████████████████████████.

### D.    Mr. Kennedy's Infrastructure Model Is Well Supported

Mr. Kennedy's Infrastructure Model is based on extensive evidence and tied to the facts of the case. For example, Mr. Kennedy explains ████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

Ex. 1, ¶ 253. Mr. Kennedy explains that ████████████████████████████. Ex. 1, ¶¶ 254-256 ████████████████████████████████████████████████████

████████████████████████████ Mr. Kennedy further explains that "████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

11491871

**Filed Under Seal**

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ *Id.* ¶ 345.  Mr.  Kennedy  further  explains  that  ██████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████████████████ *Id.* ¶ 355. *See also id.* ¶ 107 ██████████

██████████████████████████████████████████████████████

████████████████████████████████ (citing  T-Mobile ██████),  ¶  157 ████████████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████ ¶ 162 ████

██████████████████████████████████████████████████████

███████████████████████████████████████████████████ ¶ 194 ████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

████████████████████████ *See generally id.* ¶¶ 148-224 ██████████████████

Simply put, the record shows that there is ████████████████, but instead Defendants are ████████

██████████████████████████████

This Court has repeatedly accepted similar damages models, based on similar assumptions, over similar arguments made by the same Defendants here.  Indeed, Defendants' argument that Mr. Kennedy's analysis should be excluded because their own expert opines that ██████████████████

████████████████████████████████  ██████████████████

██████████████████████████████████████████████████████

11491871

██████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

███████████████████    ████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████

Similarly, Defendants' argument that Mr. Kennedy should be excluded because he ████████████████

████████████████████████████████████████████ (Mot. at 17) has been rejected by both

the Federal Circuit and this Court. The Federal Circuit has confirmed ████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████ Ex. 1, § 6.

To the extent Defendants' believe that it would have been more appropriate to consider a different alternative, that is a factual dispute that will be resolved at trial. It is not a basis to strike Mr. Kennedy's testimony. *i4i*, 598 F.3d at 854 ("At their heart, however, Microsoft's disagreements are

████████████

with Wagner's conclusions, not his methodology. *Daubert* and Rule 702 are safeguards against unreliable or irrelevant opinions, not guarantees of correctness. . . . Microsoft's quarrel with the facts Wagner used go to the weight, not admissibility, of his opinion."); *Micro Chem.*, 317 F.3d at 1392 ("When, as here, the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony."); *Summit 6*, 802 F.3d at 1296 ("where the methodology is reasonable and its data or evidence are sufficiently tied to the facts of the case, the gatekeeping role of the court is satisfied, and the inquiry on the correctness of the methodology and of the results produced thereunder belongs to the factfinder.").

E.    **Mr. Kennedy's** ████████████████ **Is Appropriate And Accepted**

Mr. Kennedy explains that while ████████████████

████████████████████████████████

████████████████████████████████

████████████ Ex. 1, ¶ 803. The same is true for ████████████████. *Id.* ¶¶ 807-809. Mr. Kennedy thus calculates a ████████████████████████. Because Mr. Kennedy's

████████████████████████████████

████████████████████████████████

████████████████████████████████

████████████████████████ *Id.* ¶ 805. Mr. Kennedy explains:

████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████

**Filed Under Seal**

*Id.* Mr. Kennedy used ███████████████████████████████████████████

███████████████████████████████████████.[5]

Defendants' motion to strike this analysis should be rejected. First, Mr. Kennedy was not required to ███████████████████████ The Federal Circuit holds that a patentee is entitled to the entire apportioned value between the next closest alternative and the infringing instrumentality. *Prism*, 849 F.3d at 1375-76; *Powell*, 663 F.3d at 1240. Mr. Kennedy's methodology ███████████ ███████████████████████████████████████. There is no basis to exclude Mr. Kennedy's analysis ███████████████████████████████████. Regardless, ███████████████████████████████████ ███████████████████████████████████████. This Court recently rejected a similar challenge by one of the Defendants in ███████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████ *Id.* The Court disagreed, distinguishing *Uniloc* because ███████████████████████████████████████ ███████████████ *Id.* at *5. The same is true here—Mr. Kennedy ties his use of ██████████ ███████████████████████████████████████. For example, Mr. Kennedy explains ███████████████████████ ███████████████████████████████████████ ███████████████████ Ex. 1, ¶ 805. Defendants' motion should be denied.[6]

---

[5] ███████████████████████████████████████

[6] Defendants rely on an out of district decision that ███████████████████████████ ███████████████ Mot. at 18 (███████████████████ ███████████████████████████████████████ ███████████████████████████████████████

███████████

**F.     The Inputs To Mr. Kennedy's Damages Model Are Accurate**

Defendants' Motions as to Dr. Feuerstein, Dr. Lomp, and Mr. Boedeker should be denied for the reasons set forth in Plaintiffs' concurrently filed Oppositions. Defendants' Motion as to Mr. Kennedy which merely incorporates those Motions thus fails.

**G.     Mr. Kennedy's Testimony Is Relevant And Appropriate**

████████████████: Mr. Kennedy references ████████████████ because they are relevant to his analysis, including for the S██████████████████████████████████

████████████████████████████████████████████

████████████████████ Defendants do not argue that Mr. Kennedy violates the ████████████ and there is therefore no basis to strike his testimony. This Court has denied similar motions, explaining these complaints are better suited for MILs. *Daingean*, 2025 WL 1811921, at *3 ("The Court declines to strike these parts of Mr. Dell analysis on relevance grounds because he reasonably relies on these inputs for his analysis. The Court's MIL ruling has addressed the potential prejudice of some of these categories. . . . The Court does not find that any further relief is warranted.").

████████████████████: Contrary to Defendants' characterizations, Mr. Kennedy does not introduce ████████████████ Mr. Kennedy discusses ████████████████████

████████████████████████████████████████████

████████████████████████ is therefore relevant. Defendants fail to explain how ███ ████████████ to Defendants and their Motion should therefore be denied.

████████████████████████: Mr. Kennedy discusses ████████████████

████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████
████████████████████████████████████████████

███████████

███████ works for two reasons. First, it is relevant to the ████████████████████

████████████████████████████████████████████████████████████████

████████████. Second, Mr. Kennedy discusses ████████████████████████████

████████████████████████████████████. The paragraphs Defendants seek to exclude discuss

████████████████████████████████████████ which rebuts Defendants' arguments (including

arguments in their Motion) that there is ████████████████████████████████████████

████████████ to Defendants. Further, Defendants' damages expert extensively discusses ████████████

████████████████████████████████████████████████ Ex. 16, ¶¶ 59, 67, 352-368.

Defendants' expert also discusses ████████████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ Ex. 16, ¶¶ 344-351.

The evidence Mr. Kennedy discusses relating to ████████████████████████████ is relevant

to his opinions and Defendants do not allege any prejudice; Defendants' Motion should be denied.

**References To** ████████████: Contrary to Defendants' assertions, Mr. Kennedy makes no

suggestion of ████████████ Mot. at 20. Instead, Mr. Kennedy accurately describes the ████████████

████████████████████████████████████████████████████████████████. For

example, Mr. Kennedy explains Defendants ████████████████████████████████████████

████████████████████████████ Ex. 1, ¶ 77. Mr. Kennedy explains this would ████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ *Id.* ¶ 78. These opinions are

relevant to his analysis, not prejudicial, and Defendants' Motion should therefore be denied.

## III.    CONCLUSION

Plaintiffs' respectfully request the Court deny Defendants' Motion.

**Filed Under Seal**

DATED: September 30, 2025.

Respectfully submitted,

/s/ *Robert C. Bunt*
Robert C. Bunt
Texas State Bar No. 00787165
rcbunt@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 E. Ferguson, Suite 418
Tyler, Texas 75702
Tel: (903) 531-3535

Jason Sheasby
California State Bar No. 205455
(*pro hac vice*)
jsheasby@irell.com
Rebecca Carson
California State Bar No. 254105
(*pro hac vice*)
rcarson@irell.com
Christopher Abernethy
California State Bar No. 275986
(*pro hac vice*)
cabernethy@irell.com
Tony Rowles
California State Bar No. 301209
(*pro hac vice*)
trowles@irell.com
Benjamin Manzin-Monnin
California State Bar No. 325381
(*pro hac vice*)
bmonnin@irell.com
Jordan Nafekh
California State Bar No. 328151
(*pro hac vice*)
jnafekh@irell.com
Russell Hoover
California State Bar No. 334913
(*pro hac vice*)
rhoover@irell.com
N. Isabella Chestney
California State Bar No. 347608
(*pro hac vice*)
ichestney@irell.com
**IRELL & MANELLA LLP**
1800 Avenue of the Stars, Suite 900
Los Angeles, CA 90067-4276
Tel: (310) 277-1010

M. Jill Bindler
Texas Bar No. 02319600
jbindler@grayreed.com

11491871

- 21 -

**GRAY REED & McGRAW, LLP**
1601 Elm Street, Suite 4600
Dallas, Texas 75201
Telephone: (214) 954-4135
Facsimile: (214) 953-1332

**ATTORNEYS FOR PLAINTIFFS**

11491871

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via email on September 30, 2025.

/s/ *Robert C. Bunt*
Robert C. Bunt


**CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL**

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

/s/ *Robert C. Bunt*
Robert C. Bunt