# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **ASUS TECHNOLOGY LICENSING INC., ET AL.,** | **Civil Action No. 2:23-CV-00486** |
| Plaintiffs, | **(Lead Case)** |
| vs. | **Civil Action No. 2:23-CV-00487** |
| **AT&T INC., ET AL,** | **(Member Case)** |
| Defendants, | **Civil Action No. 2:23-CV-00488** |
| | **(Member Case)** |
| **ERICSSON INC., AND NOKIA OF AMERICA CORPORATION,** | **Civil Action No. 2:23-CV-490** |
| Intervenors. | **(Lead Case)** |
| | **Civil Action No. 2:23-CV-489** |
| | **(Member Case)** |
| | **Civil Action No. 2:23-CV-491** |
| | **(Member Case)** |
| | **JURY TRIAL DEMANDED** |

### DEFENDANTS/INTERVENORS' SUR-REPLY IN OPPOSITION TO PLAINTIFFS' MOTION TO STRIKE CERTAIN OPINIONS OF DEFENDANTS' EXPERT DR. JOHN VILLASENOR (DKT. NO. 599)

Plaintiffs' reply confirms that Plaintiffs' arguments go toward the weight and not the admissibility of Dr. Villasenor's testimony, that Defendants did timely disclose any related contentions, and/or that Plaintiffs suffered no prejudice. The Court should deny Plaintiffs' motion.

I.   **ARGUMENT**

  A.   **Dr. Villasenor's ▓▓▓▓▓ Opinions are Reliable, Timely, and Admissible.**

Plaintiffs again wrongly contend that Defendants did not disclose the ▓▓▓▓▓ during discovery. Plaintiffs' primary complaint remains with Defendants' responses to an interrogatory asking ▓▓▓▓▓



▓▓▓ Opp. at 2 (citing Dkt. Nos. 634-2, 634-3, 634-4). As Defendants explained, this contention was based on ▓▓▓▓▓. *Id*. Second, ▓▓▓▓▓ *Id*. ▓▓▓▓▓ Ex. 1. ▓▓▓▓▓ Third, if Plaintiffs believed they were entitled to more information to understand Defendants' positions, they could have sought relief from the Court on that basis. *See Huawei Techs. Co. v. T-Mobile US, Inc.*, No. 216CV00052JRGRSP, 2017 WL 9988630, at *1 (E.D. Tex. 2017) (denying motion to strike expert report "because [defendant] objected to Huawei's interrogatories on the basis that they sought early

1

disclosure of expert opinions, Huawei had sufficient notice to test that objection by moving to compel a complete response, and having failed to so, Huawei is not entitled to the severe relief it now seeks.") Like Huawei, Plaintiffs never moved to overcome Defendants' expert discovery objection, so Plaintiffs' motion to strike should not now be sustained. *Id*. Finally, Plaintiffs also ignore Defendants' deposition testimony, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Opp. at 2-3. The expert testimony ▮▮▮▮ to try and fit this case within *Netlist*. But it is improper to ignore that evidence at summary judgment. And disputes about which evidence an expert credits are issues for cross examination, not *Daubert*. ▮▮▮▮

Last, Plaintiffs are wrong about jury confusion. If the jury finds infringement, essentiality is a consideration for damages and an element in Defendants' breach of FRAND claims. This is a common jury consideration in FRAND cases. *See, e.g.*, *TQ Delta, LLC v. CommScope Holdings Co., Inc.*, No. 21-CV-310, Dkt. 566 (E.D. Tex. Feb. 15, 2024) (allowing defense that the asserted patent was "neither essential nor infringed, but in the event that the jury finds [it] to be infringed, then the patent must, by definition, be essential and subject to TQ Delta's RAND commitment").

**B.     Dr. Villasenor's** ▮▮▮▮ **were Timely Disclosed and are Admissible.**

Plaintiffs' Reply concedes that Ericsson identified the use of ▮▮▮▮. Plaintiffs say, however, ▮▮▮▮ Dkt. 692 at 2. Not so. Plaintiffs served separate interrogatories directed ▮▮▮▮ *Compare, e.g.*, Dkt. 634-3 at 14 (common interrogatory no. 2)

2

*with* Ex. 2[1] at 51 (individual interrogatory no. 5). ▇

▇

▇" ▇. Ex. 2 at 55 (emphasis added). Plaintiffs' reliance on *Longhorn HD LLC v. NetScout Sys., Inc.*, No. 2:20-CV-00349-JRG-RSP, 2022 WL 991696, at *3 (E.D. Tex. Mar. 31, 2022) is misplaced. There, the Court denied a similar motion to strike because the plaintiff maintained allegations against an accused product only until opening reports. ▇. *See* Dkt. 591-2 at 221:21–222:20 ▇

Nonetheless, out of an abundance of caution, Defendants had already disclosed ▇ ▇. As such, the motion to strike opinions ▇ should be denied.

### C.  Dr. Villasenor's ▇ are Reliable and Admissible.

Plaintiffs' motion ▇ is premised on a misunderstanding of the operation of ▇. Plaintiffs say that because some ▇ configure ▇ ▇, Dr. Villasenor or Mr. Christie needed ▇

▇. But that is incorrect, ▇

▇. *E.g.*, Ex. 3 (▇

▇, ▇.

---

[1] Defendants' Opposition inadvertently cited to the incorrect document as Ericsson's Fifth Supplemental Objections and Responses to Plaintiffs' Interrogatories No. 2-7 at Dkt. 634-2. The correct version is attached to this Sur-Reply as Exhibit 2.

3

If Plaintiffs dispute that fact, it goes to the weight, not admissibility, of Dr. Villasenor's opinions.[2]

**D.    Dr. Villasenor's ▮▮▮ are Reliable and Admissible.**

On the ▮▮▮, Plaintiffs and their expert ▮▮▮ *See* Dkt. 601 at 6 ▮▮▮; *see also* Dkt. 581-2 at Ex. A, ¶ 169. Plaintiffs now allege that the Court "held that the 'not allowing' limitation is 'setting forth a further limitation on the [previously introduced] transmitted signal.'" Reply at 4. Regardless, Dr. Villasenor's opinions are reliable. ▮▮▮

▮▮▮. Plaintiffs cannot hide behind the guise of "claim construction" to disregard any non-infringement theory they do not want to rebut at trial.

▮▮▮ Dkt. 599-3 at ¶ 141. Plaintiffs acknowledge that only ▮▮▮ Reply at 5. The fact that only ▮▮▮

---

[2] The reference in Dr. Villasenor's report to "paragraph 8" of Mr. Christie's disclosure was a typo that should have said "paragraph 4," ▮▮▮.

4



. Plaintiffs disregard the fact that the claims require ████████████████████████████████████. Instead, Plaintiffs attempt to ████████████████████████████████████████████████████████████████ Plaintiffs' argument is misleading and fails to raise any "claim construction" proposed by Dr. Villasenor. Instead, Plaintiffs' motion is an attempt to exclude non-infringement testimony that Dr. Feuerstein failed to address in his opening report.

E. **Opinions on the ████████████████ License are Admissible.**

In its Opposition, Defendants noted that even if their interrogatory responses were untimely (they were not), Plaintiffs suffered no prejudice because (a) Plaintiffs were aware of ████████████ long before opening expert reports were served; (b) Plaintiffs' opening reports **did** analyze ████████████████████; and (c) Plaintiffs never asked any of its technical experts to review any ████████ ████████. Opp. at 13-14. Thus, there was no prejudice. *McKesson Info. Sols. LLC v. Epic Sys. Corp.*, 2009 WL 10636314, at *5 (N.D. Ga. Feb. 10, 2009). In its Reply, Plaintiffs effectively ignore that they had ████████████████████ well before the close of discovery and instead complain about the interrogatory response timing. This should be fatal to the objection. Plaintiffs do not deny that they knew about the ████████ ████████████ before depositions or the end of discovery, nor do they deny that ████████ ████████████████████████████████████████████████████████, or that they could have asked (but never did) their ████████████████████████████ by the opening report deadline. As such, they effectively concede they suffered no prejudice.

II. **CONCLUSION**

The Court should deny Plaintiffs' motion to exclude the opinions of Dr. Villasenor.

5

| | |
|---|---|
| Dated: October 14, 2025 | Respectfully submitted,<br><br>/s/ *Nicholas Mathews*<br>Nicholas Mathews<br>Texas State Bar No. 24085457<br>nmathews@McKoolSmith.com<br>Warren Lipschitz<br>Texas State Bar No. 24078867<br>wlipschitz@McKoolSmith.com<br>Eric Hansen<br>TX State Bar No. 24062763<br>ehansen@mckoolsmith.com<br>Erik Fountain<br>Texas State Bar No. 24097701<br>efountain@mckoolsmith.com<br>Jonathan Powers<br>Texas State Bar No. 24098277<br>jpowers@mckool.smtih.com<br>Alex Chern<br>Texas State Bar No. 24109718<br>achern@mckoolsmith.com<br>Joseph Micheli<br>Texas State Bar No. 24107546<br>jmicheli@mckoolsmith.com<br>Samuel L. Moore<br>TX State Bar No. 24132421<br>smoore@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>300 Crescent Court Suite 1500<br>Dallas, TX 75201<br>Telephone: (214) 978-4000<br>Telecopier: (214) 978-4044<br><br>Joshua Budwin<br>Texas State Bar No. 24050347<br>jbudwin@mckoolsmith.com<br>Kevin Hess<br>Texas State Bar No. 24087717<br>khess@McKoolSmith.com<br>Matthew Cameron<br>Texas State Bar No. 24097451<br>mcameron@mckoolsmith.com<br>**MCKOOL SMITH, P.C.**<br>303 Colorado Street, Suite 2100<br>Austin, TX 78701<br>Telephone: (512) 692-8752<br>Telecopier: (512) 692-8744 |

John Briody
New York State Bar No. 4231270
jbriody@mckoolsmith.com
Eliza Beeney
New York State Bar No. 5518972
ebeeney@mckoolsmith.com
**MCKOOL SMITH, P.C.**
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
212-402-9400

Saif Askar
NY State Bar No. 5833181
saskar@McKoolSmith.com
**McKool Smith, P.C.**
600 Travis Street, Suite 7000
Houston, TX 77002
Telephone: (713) 485-7300
Telecopier: (713) 485-7344

Samuel F. Baxter
Texas State Bar No. 01938000
sbaxter@McKoolSmith.com
Jennifer L. Truelove
Texas State Bar No. 24012906
jtruelove@McKoolSmith.com
**MCKOOL SMITH, P.C.**
104 East Houston Street, Suite 300
Marshall, TX 75670
Telephone: (903) 923-9000
Telecopier: (903) 923-9099

Deron R. Dacus
State Bar No. 00790553
ddacus@dacusfirm.com
**THE DACUS FIRM, PC**
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903)705-1117
Facsimile: (903) 581-2543

**COUNSEL FOR AT&T CORP., AT&T MOBILITY LLC, AT&T MOBILITY II LLC, AND AT&T SERVICES, INC. T-**

**MOBILE USA, INC., AND CELLCO PARTNERSHIP D/B/A VERIZON WIRELESS, ERICSSON INC., AND NOKIA OF AMERICA CORPORATION**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on October 14, 2025

>                                /s/ Nicholas Mathews
>                                Nicholas Mathews

## CERTIFICATE OF AUTHORIZATION TO FILE UNDER SEAL

I hereby certify that the foregoing document is authorized to be filed under seal pursuant to the Protective Order entered in this case.

>                                /s/ Nicholas Mathews
>                                Nicholas Mathews