**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC., ET AL. | § § § | |
| | § | Case No. 2:23-CV-0486-JRG-RSP |
| v. | § | (LEAD CASE) |
| | § | |
| | § | |
| AT&T INC., ET AL. | § | |

**Pretrial Conference
MAG. JUDGE ROY PAYNE PRESIDING
July 17, 2026**

**OPEN:   9:05 a.m.**                                    **ADJOURN:   4:58 p.m.**

ATTORNEYS FOR PLAINTIFFS:        Chris Bunt, Jason Sheasby, Russell Hoover

ATTORNEYS FOR DEFENDANTS/        Deron Dacus, Nick Mathews, Arden Seavers,
INTERVENORS:                                    Warren Lipschitz, Blake Bailey, Matthew Cameron,
                                                         Samuel Moore, Jonathan Powers, Christian Hurt

LAW CLERK:                                      Tariq Ausaf

COURT REPORTER:                          Jodi Terry

COURTROOM DEPUTY:                   Wendy Asbel

Court opened. Case called. Chris Bunt introduced co-counsel and announced ready. Deron Dacus introduced co-counsel and announced ready.

The Court confirmed that the case is first up on the August 14, 2026, trial docket before Judge Gilstrap. Today's agenda is to go over the new pretrial order, take up any issues regarding witnesses other than the pending motions to strike, finish ruling on Defendants' MIL No. 4 (Dkt. No. 754), and address pre-admission of exhibits. After exhibits, the Court will take up the motion to strike Mr. Kennedy's opinions (Dkt. No. 579).

The Court asked if either side had other items to add to the agenda.   The parties had none.

Court addressed the structure of the trial. The parties will have 30 minutes per side for *voir dire*, 40 minutes for opening statements, and 50 minutes per side for closing arguments. The time allowed for evidence to the jury will be more than the normal but that number will be given as soon as it is determined. With no disputes to add by the parties, the pretrial order was adopted.

Mr. Dacus confirmed that Nick Mathews is lead counsel for Defendants and Intervenors.  The Court noted that Defendants and Intervenors will be treated jointly as one side so when one lawyer is addressing each witness, that lawyer will be representing the entire side.

The Court asked if the parties had conferred since the last pretrial conference regarding Defendants' MIL No. 4 (Dkt. No. 754).  Mr. Dacus confirmed that the parties had multiple meet and confers but still had significant remaining disputes and suggested the most efficient way to present the disputes was to walk though the table on page 12 of Defendants' Motion (Dkt. No. 754 at 12).  Mr. Sheasby responded.

The Court addressed the issue of the number of corporate representatives.  Mr. Dacus noted 5 corporate representatives for Defendants.   Mr. Sheasby noted 3 corporate reps for Plaintiffs.

The Court heard argument on the exhibits.  Mr. Cameron, Mr. Lipschitz, and Mr. Mathews argued for Defendants.  Mr. Sheasby argued for Plaintiffs.  The Court made rulings as set forth in the record.

Recessed at 10:22 a.m.

Court reconvened and continued hearing arguments on the exhibits.  Mr. Sheasby argued for Plaintiffs.  Mr. Sheasby asked that the courtroom be sealed (10:50 a.m.)  The courtroom was unsealed (10:52 a.m.)  Mr. Mathew argued for Defendants.  The Court made further rulings as set forth in the record.

Recessed at 12:00 p.m.

Court reconvened. Court continued hearing arguments on the exhibits.  Mr. Sheasby argued for Plaintiffs.  Mr. Lipschitz, Mr. Mathews, and Mr. Bailey argued for Defendants.  Mr. Bailey asked that the courtroom be sealed (1:51 p.m.)  The courtroom was unsealed (2:01 p.m.)  The Court made further rulings as set forth in the record.

Some of the exhibits were carried to the August 3, 2026 hearing to allow the parties to attain declarations from witnesses or third parties concerning the authenticity of the exhibits or adoption by parties of the contents of the exhibits.  The Court directed the parties to file these declarations on the record ahead of the next hearing.  Mr. Sheasby requested a limited deposition on behalf of Plaintiffs of the declarants concerning adoption of contents of exhibits.  The Court granted Plaintiffs' request.

The parties were directed to file a joint notice with updated exhibit lists.  If there are still disputes, those should be noted in the joint notice and the Court will take those up before we start the hearing on the *Daubert* motions.  The parties agreed to provide each other with proposed redactions of the remaining exhibits by Friday, July 24, 2026.

The Court heard argument on Defendants' MIL No. 4 (Dkt. No. 754).  Mr. Sheasby argued for Plaintiffs.  Mr. Dacus argued for Defendants.  The Court will consider the revenues, spectrum purchases, and investments in infrastructure categories further. With respect to the license

category, the Court directed Defendants to propose to Plaintiffs which specific licenses need to be excluded and meet and confer regarding that issue; the parties should set forth any agreement or dispute (with both sides' positions) in a joint notice filed with the Court by Thursday, July 30, 2026. The Court will take this issue up again at the August 3, 2026 hearing.

The Court questioned Mr. Sheasby about an email received today regarding Mr. Kennedy's damages opinions based on claim narrowing.   Mr. Sheasby responded.

Recessed at 3:13 p.m.

Court reconvened.   Mr. Sheasby updated the Court. Mr. Sheasby responded to the Court's concern regarding apportionment as raised in Defendants/Intervenors' Motion to Exclude Damages Expert Opinions of David Kennedy (Dkt. No. 579). Mr. Sheasby asked that the courtroom be closed (3:33 p.m.)   Mr. Cameron and Mr. Bailey argued on behalf of Defendants.

Recessed at 4:06 p.m.

Court reconvened.   Mr. Sheasby continued arguing Defendants/Intervenors' Motion to Exclude Damages Expert Opinions of David Kennedy (Dkt. No. 579).   Mr. Cameron provided citations to the portions of the deposition transcript discussed earlier.   The Court made rulings and set forth deadlines for the parties to amend their expert reports in response as set forth in the record. A formal order explaining the Court's reasoning further and memorializing this ruling will be forthcoming.

Mr. Dacus noted the Defendants' inability to find the numbers in the schedule provided in this morning's email regarding the report of Mr. Kennedy.   Mr. Sheasby responded and stated that the supplemental report would explain how the numbers in the email were derived.   The Court confirmed that the supplemental report will, in effect, moot today's email.

The Court addressed the issue of timing for any supplemental expert depositions.   The parties agreed to 3 hours.

The Court **DENIED** as moot Defendants' Motion for Leave to Amend Answers **(Dkt. 572)** to add preclusion defenses based on parties' representations concerning the current trial configuration.

The Court noted its ruling regarding Plaintiffs' Motion for Summary Judgment Regarding Breach of FRAND Claims (Dkt. No. 611).   A report and recommendation will be forthcoming setting forth the reasoning and full scope of that ruling.

Mr. Sheasby requested a copy of an executed MDA between ASUSTeK and ASUS, the ASUSTeK and Nokia that had never been produced.   Mr. Lipschitz agreed to accommodate the request.

The Court will continue working on the remaining motions and will get rulings out as quickly as possible.   Court adjourned.