## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICESNING INC. *and* CELERITY IP, LLC, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:23-CV-00486-JRG-RSP |
| AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., | § § § § | (Lead Case) |
| *Defendants*. | § § | |

## REPORT AND RECOMMENDATION

Before the Court is Plaintiffs' Motion for Summary Judgment Regarding Breach of FRAND Claims. Dkt. No. 611. The Motion is fully briefed. *See* Dkt. Nos. 639, 701, 769. For the reasons set forth below, the Motion should be denied and the Court should hold that a FRAND obligation runs with the remaining patents asserted in this case.

## I.    LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine dispute of material fact." *Anderson*, 477 U.S. at 247–48. The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for

summary judgment. *Id.* at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The moving party must identify the basis for granting summary judgment and evidence demonstrating the absence of a genuine dispute of material fact." *Celotex*, 477 U.S. at 323.

## II.    DISCUSSION

### A. Plaintiffs' Arguments as to Unelected Patents.

Plaintiffs have elected not to proceed with the '402, '868, '489, and '059 Patents. Dkt. No. 866 at 1. Accordingly, the Court recommends finding that the Motion concerning these patents is moot. The '754, '359 ("ATL Patents"), '559, and '883 ("ISL Patents") Patents remain live, *see id.*, and they are addressed below.[1]

### B. Plaintiffs' Argument That a FRAND Obligation Does Not Attach to the Asserted Patents.

Plaintiffs posit that Defendants must establish that the Asserted Patents are technically essential to benefit from FRAND. Dkt. No. 611 at 13–14 (citing *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203, 2024 U.S. Dist. LEXIS 18839, at *8 (E.D. Tex. Jan. 8, 2024) (Dkt. No. 73)). Plaintiffs argue that their "pre-suit correspondence" is "insufficient to create a genuine dispute of material fact" because it is unsworn; however, there is sworn evidence that Plaintiffs have taken the position in this litigation "that the Asserted Patents are not essential." *Id.* at 12–13 (first citing Lomp Dep. Tr., Dkt. No. 611-16 at 158:6–9; then citing Feuerstein Dep. Tr., Dkt. No. 611-17 at

---

[1] Plaintiffs take the position that ISL Patents, the '754 and '359 Patents, are not essential. Defendants take the position that they are essential "if infringed." Dkt. No. 639 at 12 (claiming that the remaining patents are not essential and are not infringed, "but if the jury were to credit Plaintiffs' infringement theories it would necessarily imply that the asserted claims are essential because they accuse functionality that is simply implementing the relevant portions of the standards").

Plaintiffs take the position that the ATL Patents, the '883 and '559 Patents, are not essential. Defendants take the position that they are essential to *optional* portions of the 4G and 5G standards (that are not practiced by Defendants and Intervenors). Dkt. No. 639 at 10 (citing Dkt. Nos. 626-33–37).

104:7–17) (relying on *Koninklijke KPN N.V. v. Telefonaktiebolaget LM Ericsson*, No. 2:21-CV-113, 2023 WL 4157139, at *5 (E.D. Tex. June 15, 2023)).

Defendants argue that Plaintiffs have consistently taken the position, both in this litigation and to third parties, that all the Asserted Patents are standard essential and are subject to FRAND terms. Dkt. No. 639 at 6–7 (first citing Hilyard Letter to AT&T, Dkt. No. 539-4; then citing Letters-Attached Patent Lists, Dkt. Nos. 539-5–9; then citing Letters-Attached Claim Charts, Dkt. Nos. 539-10–17; and then citing ASUS Patent Lists to Ericsson and Nokia, Dkt. Nos. 539-42–43); *Id.* at 8–9 (first citing ISL-Via Licensing Patent Pool Docs., Dkt. No. 539-18–27 (showing that ISL represented essentiality to Via Licensing and collected royalties based on this representation); and then citing Melin Rep., Dkt. No. 639-28 (analyzing instances of essentiality representations by ATL and ISL to 102 additional third parties)). Defendants argue that *Koninklijke* supports their position that Plaintiffs' Motion should be denied based on its prior representations. Dkt. No. 639 at 7–8 (first citing *Koninklijke*, 2023 WL 4157139, at *5; and then citing *Cellular Commc'ns Equip. LLC v. HTC Corp.*, No. 6:16-CV-363, Dkt. No. 158 at 3 (E.D. Tex. Aug. 9, 2013)).

Here, it is undisputed that Plaintiffs submitted declarations contributing the Asserted Patents to ETSI. Dkt. No. 639 ¶ 9; Dkt. No. 611 ¶ 9. Narrowly limited to the facts of this case, the Court recommends denying the Motion with respect to this issue and finding that all remaining Asserted Patents are encumbered by a FRAND obligation in view of this contribution by Plaintiffs, *see G+ Communications, LLC v. Samsung Electronics Co. Ltd.*, No. 2:22-CV-78, 2024 WL 233222, at *5 (E.D. Tex. Jan. 22, 2024), and the representations of Plaintiffs in this litigation to Defendants and Intervenors, and the representations to third parties, that all remaining Asserted Patents are standard-essential and are subject to FRAND terms (which was relied upon and is wholly inconsistent with the position Plaintiffs now take that these patents are not subject to

FRAND terms), *see Optis Cellular Tech., LLC v. Apple*, No. 2:19-CV-66, Dkt. No. 849, at *4–5 (E.D. Tex. Feb. 12, 2026).

**C. Plaintiffs' Argument That Defendants and Intervenors Cannot Establish They Are Third Party Beneficiaries of Any FRAND Obligation.**

Plaintiffs argue that the FRAND obligation only applies to the following activities: (1) manufacturing, (2) selling, leasing, or otherwise disposing of equipment so manufactured, (3) repairing, using, or operating equipment, and (4) for use in methods. Dkt. No. 611 at 14 (citing ETSI Policy, Dkt. No. 611-3, cl. 6.1). Plaintiffs argue that "there is no contention from any party that Defendants or Intervenors practice any" of these activities with respect to the Asserted Patents, so no FRAND obligation would extend to them. Dkt. No. 611 at 14. Plaintiffs refer to Defendants' contention that the ATL Patents implement optional portions of standards that they do not practice. *Id.* (first citing Wicker Reb. Rep., Dkt. No. 611-20 ¶¶ 115–19; and then citing Villasenor Reb. Rep., Dkt. No. 611-21 ¶ 164). Plaintiffs therefore argue, at least with respect to the ATL Patents, that if infringement is found, it is not based on Defendants' practice of any standard.

Defendants argue that implementers, including themselves, "are third-party beneficiaries of *all* applicable FRAND commitments." Dkt. No. 639 at 12 (citing Dkt. No. 639-39, § 6.1) (emphasis added) (relying on *HTC Corp. v. Telefonaktiebolaget LM Ericsson*, No. 6:18-CV-243, 2019 WL 126980, at *1 (E.D. Tex. Jan. 7, 2019)). Defendants argue that the Intervenors are beneficiaries because their base stations are "equipment" under ETSI's Policy because the equipment is a "system . . . fully conforming to a standard." *Id.* at 13 (citing Dkt. No. 639-39, §§ 15.4, 15.5, 15.8). Defendants argue that they use the standard by implementing 4G and 5G networks, so they also qualify as beneficiaries. *Id.* at 12–13 (citing Dkt. No. 639-40 ¶¶ 195–96).

The Court agrees with Defendants on this issue. The Court has already recommended finding that a FRAND obligation runs with the Asserted Patents in this case. *See supra*. If the

4

factfinder finds that the ATL Patents are essential to optional portions of the standard, and finds Defendants and Intervenors infringe, the jury must necessarily have found that Defendants and Intervenors practice those optional portions of the standard despite their contention that they do not. The Defendants and Intervenors, therefore, would have to be beneficiaries, and their contention that they do not practice the standard has no effect on the FRAND obligation running to them. Accordingly, the Court recommends denying summary judgment that Defendants and Intervenors are not beneficiaries under the ETSI policy of the FRAND obligation stemming from the Asserted Patents.

**D. Plaintiffs' Argument That the Asserted Patents are Not Technically Essential.**

First, Plaintiffs argue that Defendants' evidence is insufficient to prove technical essentiality. Dkt. No. 611 at 8. With respect to the '559 Patent, Plaintiffs argue that Dr. Wicker's opinions are insufficient to prove essentiality, given that his opinions are based upon mapping and he does not opine that "it would be 'impossible' from a technical standpoint . . . 'to comply with a standard without infringing . . . .'" *Id.* at 9 (quoting ETSI Policy, Dkt. No. 611-3, cl. 15.6). Plaintiffs argue that Dr. Lomp explains in his rebuttal report that the claims are not fully mapped in his view. *Id.* at 9 (citing Lomp Reb. Rep., Dkt. No. 611-14 ¶ 514). With respect to the '883 Patent, Plaintiffs raise the same arguments. *Id.* at 10 (first citing Wicker Op. Rep., Dkt. No. 611-12 ¶ 929; and then citing Lomp Reb. Rep., Dkt. No. 611-14 ¶ 517).

Second, Plaintiffs argue that Defendants and Intervenors and their experts have taken positions that are inconsistent with technical essentiality. *Id.* at 8. Plaintiffs generally reference Defendants' response denying their Request for Admission No. 1 to "Admit that the 5G Standard cannot be implemented without practicing at least one claim of the [Asserted] Patent[s]" as a reason that Defendants cannot now take a contrary position. *Id.*; *id.* ¶ 16. More specifically, with

respect to the '559 Patent, Plaintiffs argue that Dr. Wicker's assertion that "there are several non-infringing alternatives" means "it is not impossible to avoid the '559 Patent" in practicing the standard. *Id.* at 9–10 (citing Wicker Op. Rep., Dkt. No. 611-12 ¶ 821–23). With respect to the '883 Patent, Plaintiffs raise the same arguments. *Id.* at 10–11 (citing Wicker Op. Rep., Dkt. No. 611-12 ¶ 824–27). With respect to the '754 Patent, Plaintiffs argue that Dr. Van der Weide opined he did "not agree that the '754 Patent is essential to the 5G Standard." *Id.* at 8 (citing Van der Weide Op. Rep., Dkt. No. 611-11 ¶ 545). With respect to the '359 Patent, Plaintiffs argue that Dr. Villasenor opined that he did not "agree that [it] is essential to the 3GPP 5G Standard." *Id.* at 8 (citing Villasenor Op. Rep., Dkt. No. 611-13 ¶ 945).

Third, with respect to Defendants' position on the ISL Patents, Plaintiffs argue that Defendants' essential-if-infringed theory is improper. Plaintiffs argue that Defendants cannot take such a position because "alternative theories contradicting an expert's own sworn opinion are legally improper where the party proffering the opinion bears the burden of proof on the underlying issue." *Id.* at 11–12 (citing *Genband v. Metaswitch*, No. 2:14-CV-33, Dkt. No. 370 at 4–5 (E.D. Tex. Sept. 30, 2015)). Plaintiffs argue that essentiality is a separate issue from infringement, so a finding of infringement alone cannot determine essentiality. Dkt. No. 611 at 12 (citing *Netlist, Inc. v. Micron Tech., Inc.*, No. 2:22-CV-203, Dkt. No. 406 at 30:8–31:5 (E.D. Tex. Dec. 20, 2023) (Pretrial Conference Hearing Transcript)).

As analyzed above, Defendants argue that Plaintiffs have claimed that the Asserted Patents are technically essential to 4G and 5G, using claim charts, against both Defendants and Intervenors and against third parties. Dkt. No. 639 at 6–9 (first citing Letters-Attached Claim Charts, Dkt. Nos. 539-10–17; then citing ISL-Via Licensing Patent Pool Docs., Dkt. No. 539-18–27; and then citing Melin Rep., Dkt. No. 639-28). Defendants also refer to Plaintiffs' fact and expert witnesses'

alleged admissions "that the asserted patents are essential." *Id.* at 9. Specifically, Defendants point to: Ms. Sophie Yang's (ISL's corporate representative) admission that the ISL Patents are "in [ISL's] view, . . . all SEPs," Dkt. No. 639-29 at 88:1–9; Alex Sun's (ATL's corporate representative) admission that all ATL Patents "are SEPs," Dkt. No. 639-30 at 30:21–25; Mr. Lomp's admissions, Dkt. No. 639-31 at 136:20–137:4; and Mr. Robert Oleson's (Plaintiffs' expert) view that Asserted Patents are all essential, Dkt. No. 639-32 at 30:1–18, 32:18–22. Dkt. No. 639 at 9–10.

As to their RFA responses, Defendants argue that they admitted that the ATL Patents "are essential to *optional* portions of the 4G or 5G standards" they do not practice, and that they "provided detailed interrogatory responses explaining the basis for their contention." Dkt. No. 639 at 10–11 (emphasis added) (citing Interrogatory Responses, Dkt. Nos. 639-33–37). Defendants also respond that their experts found that the ATL Patents were all essential. *Id.* at 11 (citing Wicker Op. Rep., Dkt. No. 611-12 ¶¶ 927, 929; then citing Villasenor Op. Rep., Dkt. No. 611-13 ¶ 951).

Defendants argue that Plaintiffs' own expert, Mr. Melin, opines that "Mapping the claims of a patent to a standard specification is a customary way to represent that the patent claim is essential to such standard; if the standard requires each element of the claim, it is not possible to comply with such standard without infringing (on technical grounds)." *Id.* at 11–12 (citing Melin Rep., Dkt. No. 639-38 ¶ 101). With respect to the ISL Patents, Defendants argue that "essentiality opinions are offered in the alternative," which is consistent with Federal Rule of Civil Procedure 8(d). Dkt. No. 639 at 12. Defendants posit that "if Plaintiffs' infringement theories are correct . . . then the infringement necessarily occurs because the patents have claims that are standard essential and Ericsson's and Nokia's products are compliant with the relevant standards." *Id.*

Whether a patent is technically essential is a fact issue. *Godo Kaisha IP Bridge 1 v. TLC Commc'ns Tech. Holdings Ltd.*, 967 F.3d 1380, 1385 (Fed. Cir. 2020) ("Thus, under *Dynacore*, which *Fujitsu* referenced in its holding, standard-essentiality of patent claims is a fact issue. Like any other fact issue, it may be amenable to resolution on summary judgment [where there is no genuine dispute of material fact]. But that does not mean it becomes a question of law.") (first citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1277–78 (Fed. Cir. 2004); and then citing *Fujitsu Ltd. v. Netgear Inc.*, 620 F.3d 1321, 1327 (Fed. Cir. 2010)). Plaintiffs' argument concerning their own evidence of technical non-essentiality and the alleged lack of evidence on the flip side of that issue ignores the evidence cited throughout Defendants' briefing, and now in the record, of technical essentiality. Accordingly, the Court recommends finding that genuine disputes of material fact preclude summary judgment on technical essentiality.

As to Defendants' essential-if-infringed position for the ISL Patents, Defendants are correct that they are allowed to take alternative positions under Rule 8(d). Defendants have conceded that their networks practice the relevant 4G and 5G standards. As part of that, Defendants clarify in their response that their position is that the ISL Patents are not technically essential, but alternatively, if the factfinder finds that their networks infringe, the ISL Patents necessarily are technically essential. Plaintiffs cite no binding precedent that the Federal Circuit has foreclosed use of such alternative positions concerning technical essentiality, and this Court has found none. Accordingly, the Court recommends finding that summary judgment is not warranted that Defendants cannot take a position that the Asserted Patents are not technically essential, but, alternatively, are technically essential if the jury finds infringement.

**E. Plaintiffs' Argument That Intervenors' Breach of FRAND Claims Should be Dismissed.**

Plaintiffs argue that "Defendants have not offered any evidence as to the essentially of any non-asserted Celerity" or "ASUSTeK patent," so "Defendants cannot meet their burden," and the Intervenors' FRAND claims should be dismissed. Dkt. No. 611 at 16. They argue that "Defendants never sought a license from ASUSTeK, and ASUSTeK has never asserted patents against Defendants;" ASUSTeK has only ever dealt with Intervenors Nokia and Ericsson. *Id.* at 16–17. Therefore, according to Plaintiffs, there are no negotiations by which ASUSTeK could have breached its FRAND obligations as against Defendants. *Id.* at 17. Plaintiffs also argue that the there is no substantial evidence "that any Nokia patent meets the strict definition of essential, . . . [on an] element-by-element [basis] . . . ." *Id.* at 17. Plaintiffs reference a co-pending motion to strike Mr. Cason's testimony on similar grounds regarding the Ericsson patents. *Id.* at 17–18. Plaintiffs finally argue that many of the unasserted patents identified by Intervenors are foreign, over which this Court has no justiciable power. *Id.* at 18.

Defendants respond that their FRAND "counterclaims primarily relate to ASUSTeK's refusal to engage in good faith negotiations with Ericsson and Nokia," and Plaintiffs have failed to substantiate any failure of proof. Dkt. No. 639 at 14. Defendants argue that the raised jurisdictional issue is otherwise fully addressed in Plaintiffs' co-pending dismissal motions. Dkt. No. 639 at 14.

The Court agrees with Defendants. Summary judgment is not the proper procedural vehicle here. Moreover, this issue is fully briefed and raised in Plaintiffs' three other co-pending motions to dismiss. See Dkt Nos. 225, 294, 603. The issue will be addressed squarely in ruling on those motions. Accordingly, the Court recommends that the Motion be denied to the extent it seeks dismissal of Intervenors' breach of FRAND counterclaims.

### III.    CONCLUSION

For the reasons provided above, the Court **RECOMMENDS** that Plaintiffs' Motion be **DENIED** and that the Court find that a FRAND obligation runs with the remaining Asserted Patents.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this report within fourteen (14) days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see also Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendation [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 26th day of July, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE