**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |  |
|---|---|---|
| ASUS TECHNOLOGY LICESNING INC. *and* CELERITY IP, LLC, <br><br> *Plaintiffs*, <br><br> v. <br><br> AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., <br><br> *Defendants.* | § § § § § § § § § § § § | CASE NO. 2:23-CV-00486-JRG-RSP <br> (Lead Case) |

**SUPPLEMENTAL ORDER ON MOTIONS *IN LIMINE***

Defendants' Motion *in Limine* No. 4 sought to "exclude evidence, argument, testimony, or opinions related to unapportioned and irrelevant revenues, spectrum purchases, unapportioned investments in infrastructure, and non-comparable and unapportioned licenses." Dkt. No. 754 at 9. The Court carried Defendants' MIL No. 4, Dkt. No. 754 at 9–13, in its Order, Dkt. No. 829 at 4, instructing the parties to crystallize the issues in Mr. Kennedy's report that would be subject to the MIL. At the pretrial conference on July 16, 2026, the Court heard further argument on the MIL, Dkt. No. 887 at 7:8–9:7, 122:21–138:24, and further instructed the parties to crystallize the licenses subject to the MIL, *id.* at 131:20–132:22. The parties have now filed a notice with the Court specifying the licenses covered by the MIL. Dkt. No. 937 at 1–2. The MIL is now ripe.

Accordingly, for the reasons set out by the Court during the two pretrial conferences on November 3, 2025, and July 16, 2026, and as agreed by the parties, Defendants' MIL No. 4 is **GRANTED** to the extent specified in the following four categories set out by the parties and is **DENIED** otherwise.

1. **Revenues**: Plaintiffs shall not reference the Defendants' operating revenue, income, or operating expenses (including for market segments, such as Wireless and Mobility). As Defendants agreed, they shall not challenge Mr. Kennedy's calculations based on these numbers (e.g., profit margins) in which Plaintiffs use those numbers for apportionment.

2. **Spectrum Purchases**: Plaintiffs shall not reference (or allude to the size of) the monetary investment figures (by auction, year, or in total) of Defendants in spectrum purchases. This MIL does not prevent Plaintiffs from referring to Defendants' purchase of additional spectrum capacity and when a purchase occurred, what additional spectrum a spectrum purchase includes, what percentage of increase over Defendants' previous spectrum capacity a spectrum purchase represents, or other analysis as featured in Mr. Kennedy's report.

3. **Investments in Infrastructure**: Plaintiffs shall not reference (or allude to the size of) Defendants' monetary investment figures (actual, expected, or planned) in infrastructure. This MIL does not prevent Plaintiffs from referring to the subject of Defendants' investments in additional infrastructure and when such additional investments were planned, expected, or occurred, what that additional infrastructure included, or how such infrastructure improved or addressed Defendants' network capabilities, or any other analysis as featured in Mr. Kennedy's report.

4. **Licenses**: Plaintiffs shall redact the payment amount and royalty rate from any license listed in Exhibits 74B and 75A of Mr. Kennedy's opening report (listed together in Dkt. No. 937-1 at 1–8) that they intend to use at trial and shall not make any representations regarding the magnitude of any redacted payment information without leave of Court.

However, the payment terms of these agreements (aside from the dollar amount or royalty rate) are not subject to this exclusion.

**SIGNED this 3rd day of August, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE