**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. *and* CELERITY IP, LLC, | § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 2:23-CV-00486-JRG-RSP (Lead Case) |
| AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants' Motion for Summary Judgment #6: Plaintiffs' Failure to Mark Precludes Pre-Suit Damages for the Asserted Claims of the '489, '868, '359, '754 and '402 Patents ("Motion"). (Dkt. No. 593). The Motion is fully briefed. (*See* Dkt. Nos. 655, 715, 779). Defendants argue that they satisfied their initial burden of identifying unmarked products under *Arctic Cat, Inc. v. Bombardier Recreational Prods. Inc.*, 876 F.3d 1350 (Fed. Cir. 2017), and Plaintiffs have failed to satisfy their burden of evidencing that such identified unmarked products are either marked or do not practice the asserted patents, so summary judgment barring pre-suit damages for the asserted claims of the identified patents under 35 U.S.C. § 287 is proper. (*Id.* at 1). For the reasons provided below, the Court **DENIES** the Motion.

## I. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact.

*Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. DISCUSSION

Plaintiffs have elected not to proceed with U.S. Patent Nos. 10,148,402 ("'402 Patent"), 10,887,868 ("'868 Patent"), and 9,237,489 ("'489 Patent"). (Dkt. No. 951 at 1.). Accordingly, the Motion is **DENIED** as moot with respect to these patents. (Dkt. No. 593).

The Motion only remains live as to U.S. Patent No. 10,798,754 ("'754 Patent"), Claims 1 and 3, and U.S. Patent No. 10,951,359 ("'359 Patent"), Claims 1, 9, 12, and 19. While both patents contain apparatus claims that may have been asserted, (*see, e.g.*, Feuerstein Op. Rep., Dkt. No. 593-12 ¶ 115 ("Independent claim 6 of the '754 Patent is directed to a network node . . . .")), Plaintiff now only asserts the method claims of such patents.

In *Crown Packaging Tech., Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308 (Fed. Cir. 2009), the Federal Circuit reaffirmed that "35 U.S.C. § 287 did not apply where the patentee only asserted the method claims of a patent which included both method and apparatus claims." *Id.* at 1316 (relying on *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1082–83 (Fed. Cir. 1983)). *Hanson* further explained that § 287 does not apply when only method claims are found infringed: "The only claims that were found infringed in this case, however, were claims 1, 2, and 6 of the Hanson patent, which are drawn to" methods. *Hanson*, 718 F.2d at 1083. Because only method claims may be found infringed here, and "It 'is settled law . . . that the notice requirement of this

statute does not apply'" in this situation, *see id.* (quoting *Bangdag, Inc. v. Gerrard Tire Co.*, 704 F.2d 1578, 1581 (Fed. Cir. 1983)), the Court finds that 35 U.S.C. § 287 is inapplicable. Accordingly, the Motion is **DENIED**.

## III. CONCLUSION

For the reasons provided above, the Motion is **DENIED** and the Court affirmatively finds that 35 U.S.C. § 287 does not apply in this case.

**So ORDERED and SIGNED this 7th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE