**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. *and* CELERITY IP, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC.,<br><br>*Defendants*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 2:23-CV-00486-JRG-RSP<br>(Lead Case) |

**MEMORANDUM ORDER**

Before the Court is the Motion for Summary Judgment No. 7 Regarding Plaintiffs' Declaratory Judgment Claims (the "Motion") filed by Defendants and Intervenors. (Dkt. No. 594). In the Motion, Defendants and Intervenors move for summary judgment as to Plaintiffs' claims for declaratory judgment. For the reasons set forth herein, the Court **DENIES** the Motion.

## I. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not

defeat a motion for summary judgment. *Id.* at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. DISCUSSION

As an initial matter, Plaintiffs have elected to assert claims (the "Asserted Claims") from U.S. Patent No. 10,798,754, U.S. Patent No. 10,951,359, U.S. Patent No. 9,560,559, U.S. Patent No. 9,736,883 (the "Asserted Patents"). Dkt. No. 865 at 1. Accordingly, to the extent the Motion concerns any other patents previously asserted by Plaintiffs in this action, the Motion is **DENIED AS MOOT**.

Defendants and Intervenors present three arguments for summary judgment on Count V of Plaintiffs' Complaints, "Declaratory Judgment that the Plaintiffs Have Complied with ETSI Obligations and Competition Law and that the Defendants Have Not." (Dkt. No. 594 at 6-11); (*E.g.*, Dkt. No. 21 at 34-35).[1] The Court addresses each in turn.

### A. Competition Law

Defendants and Intervenors first urge this Court to dismiss Plaintiffs' declaratory judgment claim because Plaintiffs have not adduced evidence of U.S. antitrust violations or violations of European Union laws. (Dkt. No. 594 at 6-8). In response, Plaintiffs assert that they are not bringing any such claims, clarifying that their declaratory judgment claim is limited to alleged bad-faith conduct governed by ETSI. (Dkt. No. 650 at 8-9). Rather than implicating competition or antitrust law, "Plaintiffs' breach of FRAND claims sound in contract law." (*Id.* at 8); (*see also id.* at 9) ("The issue . . . is whether Defendants' negotiation conduct was in bad faith because it was inconsistent with certain antitrust principles specified in the ETSI Antitrust Guidelines."). The

[1] Plaintiffs file nearly identical complaints with respect to this declaratory judgment claim.

parties thus appear to agree that Count V of Plaintiffs' Complaints do not raise competition law claims under U.S. antitrust law or any other foreign competition laws—only contract law.

Accordingly, the Court finds this portion of the Motion is **DENIED AS MOOT**.

### B. ETSI Obligations

Defendants and Intervenors next argue that Count V should be dismissed because Plaintiffs do not sufficiently plead a breach under either ETSI or ITU. (Dkt. No. 594 at 8-10). As an initial matter, Plaintiffs disclaim that Count V is premised on ITU standards. (Dkt. No. 780 at 2 ("Plaintiffs do not seek a declaration that [Defendants/Intervenors] violated ITU policy.")). Thus, the Court addresses only the parties' arguments with respect to ETSI obligations.

Defendants and Intervenors urge summary judgment on Plaintiffs' claim (premised on compliance with ETSI Guidelines) because "[t]he Guidelines on Antitrust Compliance are just that: ***guidelines***. They are not incorporated in the ETSI contract[.]" (Dkt. No. 594 at 9 (emphasis in original)). Defendants and Intervenors conclude that because the ETSI contract does not incorporate the ETSI Guidelines on Antitrust Compliance; because those guidelines merely "suggest" appropriate conduct; and because Plaintiffs' own experts do not "actually identify any breach," Plaintiffs present no breach of the ETSI contract under Count V. (*Id.*).

Plaintiffs respond that their claims are not premised on only the ETSI Guidelines. (Dkt. No. 650 at 10). Rather, Plaintiffs' claims are directed to whether Defendants and Intervenors failed to negotiate in good faith, and violating those guidelines is just one of many ways to demonstrate such failure. (*Id.*); (Dkt. No. 780 at 1). Plaintiffs identify other conduct that they contend demonstrates Defendants' and Intervenors' bad faith, including (1) "refusal to enter into standard NDAs"; (2) "insistence that Celerity take an unnecessary cross-license"; and (3) "demand for one-sided terms." (Dkt. No. 650 at 10).

The Court finds that Defendants have failed to satisfy their burden. Having reviewed the parties' respective *Daubert* motions, (*see* Dkt. No. 966), the parties' experts clearly disagree whether Defendants' and Intervenors' conduct constitutes a breach of FRAND. Defendants' and Intervenors' arguments regarding the ETSI guidelines alone do not cover the entirety of such disagreement.

**C. Damages**

Lastly, Defendants and Intervenors argue that "Plaintiffs have failed to put forth any evidence or theory that would support a finding of damages related to their declaratory judgment claims." (Dkt. No. 594 at 11). They conclude that Plaintiffs' claims cannot proceed to trial absent such evidence. In response, Plaintiffs assert that they would be entitled "negotiation and litigation costs" under French law (to which ETSI is subject) should they prevail on their declaratory judgment claims. (Dkt. No. 780 at 2); (Dkt. No. 650 at 11 (citing Dkt. No. 650-15 ¶ 18)). Plaintiffs also assert that they would be entitled to injunctive relief. (Dkt. No. 650 at 11).

In sum, the parties debate whether Plaintiffs should have included a measure of damages in order for their declaratory judgment claim to survive the Motion, but such debate misses the mark. Declaratory judgment itself "is a proper remedy" such that Plaintiffs need not establish monetary damages. *Valley Const. Co. v. Marsh*, 714 F.2d 26, 29 (5th Cir. 1983); *see also Loveladies Harbor, Inc. v. United States*, 27 F.3d 1545, 1559 (Fed. Cir. 1994) ("declaratory relief is . . . [a] form of relief,"); *Brown Bottling Grp., Inc. v. H.T. Hackney Co.*, No. 3:19-CV-142-HTW-LGI, 2025 WL 1969917, at *2 (S.D. Miss. July 16, 2025) ("The Supreme Court has made clear that a plaintiff need not assert a cause of action for damages in order to obtain declaratory relief.") (citing *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Steffel v.*

*Thompson*, 415 U.S. 452, 459 (1974)). Accordingly, the Court finds that summary judgment is inappropriate on this ground.

## III. CONCLUSION

Accordingly, for the reasons explained herein, the Court **DENIES** the Motion in its entirety.

**So ORDERED and SIGNED this 7th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE