**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. *and* CELERITY IP, LLC, | § | |
| *Plaintiffs*, | § | CASE NO. 2:23-CV-00486-JRG-RSP (Lead Case) |
| v. | § | |
| AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., | § | |
| *Defendants*. | § | |

**ORDER**

Before the Court is the Motion for Summary Judgment that Defendants Infringe Claim 9 of U.S. Patent No. 10,951,359 (the "Motion") filed by Plaintiffs. (Dkt. No. 601). In the Motion, Plaintiffs seek summary judgment that Defendants infringe Claim 9 of U.S. Patent No. 10,951,359 (the "'359 Patent"). For the reasons set forth herein, the Court **DENIES** the Motion.

## I. LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Any evidence must be viewed in the light most favorable to the nonmovant. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)). Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no ***genuine*** [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not

defeat a motion for summary judgment. *Id.* at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

## II. DISCUSSION

### A. The '359 Patent

Claim 1 of the '359 Patent recites:

A method of a network node, the method comprising:

[a] transmitting a signal indicating at least a first duration and a bit map,

[b] wherein the first duration is time duration of a control resource set (CORESET), and

[c] wherein the bit map includes a set of bit positions, where each bit position has a value of one or zero and each bit position with the value of one indicates a starting Orthogonal Frequency Division Multiplexing (OFDM) symbol of a monitoring occasion of the CORESET within a slot; and

[d] not allowing to transmit the signal such that an interval between any two bit positions with the value of one in the set of bit positions in the bit map is smaller than the first duration.

'359 Patent at cl. 1.[1] The Court construed "interval" as used in claim 1 to mean "the difference between two bit positions or the number of bits between two bit positions." (Dkt. No. 464 at 24). The Court also held that claim 1 does not require an order of operations. (*Id.* at 27).

Claim 9 depends from claim 1 and recites:

The method of claim 1, wherein the interval is the difference between two bit positions.

'359 Patent at cl. 9.

[1] The parties agree to the division of claim 1 into elements 1[a]-1[d] as reflected above. *See* (Dkt. No. 601 at 1); (Dkt. No. 637 at 3).

Plaintiffs assert that they are entitled to summary judgment of infringement as to claim 9. (Dkt. No. 601 at 2).

**B. Preamble, Claim Elements 1[a], 1[b]**

Plaintiffs assert that there is "no genuine dispute as to any material fact that Defendants' wireless networks meet the preamble, element 1(a), and element 1(b) of Claim 1 of the '359 Patent." (Dkt. No. 601 at 4). Defendants do not dispute Plaintiffs' assertion. Accordingly, the Court finds there is no genuine dispute of material fact that Defendants' wireless networks meet the preamble, element 1[a], and element 1[b] of claim 1 of the '359 Patent.

**C. Claim Element 1[c]**

Plaintiffs next assert that there is no genuine dispute of material fact that the accused wireless networks meet claim elements 1[c], 1[d] even in the face of Defendants' expert reports.

Claim element 1[c] is reproduced below:

> [c] wherein the bit map includes a set of bit positions, where each bit position has a value of one or zero and each bit position with the value of one indicates a starting Orthogonal Frequency Division Multiplexing (OFDM) symbol of a monitoring occasion of the CORESET within a slot;

'359 Patent at cl. 1.

Plaintiffs argue their expert, Dr. Feuerstein's, infringement analysis regarding claim element 1[c] was not controverted by Defendants' expert, Dr. Villasenor. (Dkt. No. 601 at 5-6). Plaintiffs explain that Dr. Feuerstein's opening report cites to accused network packet captures, documentation, and Intervenors' source code to support his opinion that "[i]n providing 5G wireless services, the AT&T Wireless Networks practice the foregoing step wherein the bit map (e.g., monitoringSymbolsWithinSlot) includes a set of bit positions (e.g., a set of 14 bit positions),

where each bit position has a value of one or zero (e.g., 11000000 000000) and each bit position with the value of one indicates a starting Orthogonal Frequency Division Multiplexing (OFDM) symbol of a monitoring occasion of the CORESET within a slot (e.g., 11000000 000000)." (*Id.* (citing Dkt. No. 601-3, Ex. A., ¶¶ 160-67) (alterations in original)). Plaintiffs argue that Dr. Villasenor's rebuttal non-infringement opinion "is meritless and fails to raise any genuine disputes as to any material facts" because Dr. Villasenor's analysis is an untimely claim construction argument, "[a]s detailed in Plaintiffs' Motion to Strike Certain Opinions of Defendants' Expert Dr. Villasenor." (*Id.* at 6); (*see also* Dkt. No. 599 ("Motion To Strike")).

However, the Court has already denied that portion of the Motion To Strike. (Dkt. No. 966 at 3-4). Plaintiffs offer no other basis on which to find no genuine dispute of material fact with respect to claim element 1[c]. (*See* Dkt. No. 690 at 1 (arguing a lack of material disputes of fact because "[w]ith respect to element 1(c), Dr. Villasenor's only non-infringement argument . . . should be struck[.]")). Since Dr. Villasenor's challenged opinions remain intact, a genuine dispute of material fact remains. Accordingly, the Court **DENIES** the Motion.

**D. Claim Element 1[d]**

The Court finds there are also disputes of material fact with respect to claim element 1[d]. As with claim element 1[c], Plaintiffs argue that Dr. Villasenor's rebuttal opinions are improper claim construction "[a]s argued in" their Motion To Strike, which the Court denied. (Dkt. No. 601 at 6-7); (Dkt. No. 966 at 3-4); *supra* § II.C. As with claim element 1[c], fact disputes remain. The Court also **DENIES** the Motion on this basis.

**E. Dependent Claim 9**

The Motion ultimately seeks summary judgment on infringement of claim 9. However, material disputes of fact exist with respect to claim 1. *Supra* §§ II.C, II.D. Such disputes are fatal

to summary judgment for dependent claim 9. *Wahpeton Canvas Co. v. Frontier, Inc.*, 870 F.2d 1546, 1553 (Fed. Cir. 1989) ("It is axiomatic that dependent claims cannot be found infringed unless the claims from which they depend have been found to have been infringed.").

## III. CONCLUSION

Accordingly, for the reasons explained herein, the Court **DENIES** the Motion in its entirety.

**So ORDERED and SIGNED this 7th day of August, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE