IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. *and* CELERITY IP, LLC, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | CASE NO. 2:23-CV-00486-JRG-RSP |
| AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., | § § § § | (Lead Case) |
| *Defendants*. | § § | |

**ORDER**

Before the Court is Defendants/Intervenors' Motion for Partial Summary Judgment #3: Regarding the Priority Date of the Asserted Claims of U.S. Patent No. 10,951,359 ("Motion"). (Dkt. No. 588**).** The Motion is fully briefed. (*See* Dkt. Nos. 648, 705, 776). Defendants argue that U.S. Patent No. 10,951,359 ("'359 Patent") is not entitled to the priority date of Provisional Application No. 62/619,041 ("'041 Provisional") because it does not provide written description or enabling support for the full scope of the claims as construed. (*Id.* at 1). For the reasons provided below, the Court finds that the Motion should be and hereby is **DENIED.**

## I.     LEGAL STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  Any evidence must be viewed in the light most favorable to the nonmovant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)).  Summary judgment is proper when there is no genuine dispute of material fact. *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).  "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise

properly supported motion for summary judgment; the requirement is that there be no *genuine* [dispute] of material fact." *Anderson*, 477 U.S. at 247–48 (emphasis added). The substantive law identifies the material facts, and disputes over facts that are irrelevant or unnecessary will not defeat a motion for summary judgment. *Id.* at 248. A dispute is "genuine" when the evidence is "such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

To claim priority to a provisional, "the specification of the provisional must contain a written description of the invention and the manner and process of making and using it, in such full, clear, and exact term . . . to enable an ordinarily skilled artisan to practice the invention claimed in the non-provisional . . . ." *Purdue Pharma L.P. v. Iancu*, 767 F. App'x 918, 923 (Fed. Cir. 2019) (citations omitted). "Determination of a priority date is purely a question of law if the facts underlying the determination are undisputed. However, determine[ing] whether a priority document contains sufficient disclosure . . . is a question of fact." *Bradford Co. v. Conteyor N. Am., Inc.*, 603 F.3d 1262, 1268 (Fed. Cir. 2010) (citations omitted).

## II.   DISCUSSION

As a preliminary matter, Plaintiffs have elected to proceed only with respect to Claims 1, 9, 12, and 19 of the '359 Patent. (Dkt. No. 951 at 1). The issue raised in this Motion relates to the Court's construction of the term "interval," affecting all asserted claims.

The Court adopted Defendants' proposed construction of the term interval, taking it to mean "[(1)] the difference between two bit positions or [(2)] the number of bits between two bit positions." (Claim Constr. Order, Dkt. No. 464 at 24). For the purposes of this Order, the Court calls the first measure in its construction the "difference measure" and the second measure the "zeros measure." Defendants underscore the difference between the two measures with an example: "10001." Measuring the interval between the "1" bits under the difference measure, position four (far right "1" bit) minus position zero (far left "1" bit) yields an interval of four. (Dkt.

2

No. 589 at 5). Under the zeros measure, the number of "0" bits between the two "1" bits yields and interval of three. (*Id.*). Defendants concede that the zeros measure "is disclosed in the '041 Provisional." (Dkt. No. 589 at 4–5). Defendants argue that the difference measure is not, however. (*Id.* at 5). Specifically, Defendants argue that the applicant added the following line to the nonprovisional: "Alternatively, an interval or distance between two bit positions could be difference of the two bit positions." (*Id.* at 5).

Defendants argue that the difference measure expands the scope of all asserted claims. (*Id.* at 5–6). Defendants' argument relates to the final limitation in independent Claims 1 and 12: "not allowing to transmit the signal such that an interval between any two bit positions with the value of one in the set of bit position in the bit map is smaller than the first duration." Where the "first duration" is one symbol, under the difference measure, adjacent "1" bits (e.g., "11") could be transmitted because the interval between them would be one, which is not smaller than the first duration. (*Id.*) However, under the zeros measure, adjacent "1" bits could not be transmitted because the interval between them would be zero, which is smaller than the first duration. (*Id.*)

Defendants argue the difference measure was added to read on the 38.215 v.15.2.0, which 3GPP published in between the provisional and nonprovisional, because 3GPP did not adopt the zeros measure. (*Id.* at 6–7) (citing Standard, Dkt. No. 589-3 at 69) ("A UE does not expect any two PDCCH monitoring occasions . . . to be separated by a non-zero number of symbols that is smaller than the control resource set duration.").

Defendants argue that Dr. Feuerstein improperly conflates "distance" with "difference" in arguing that the provisional disclosed the "difference" measure in its use of the phrase "interval or distance." (*Id.* at 7–8). Defendants argue that his reference to the disclosure calculating a "number" as the time duration "minus one" is insufficient to save the difference measure for the term interval

because it instead only relates to the term number, which is different. (*Id.* at 8). Defendants argue that there is a presumption that the alternative language was added to read on the standard. (*Id.*).

Plaintiffs point out that the provisional uses "interval" interchangeably with "distance" sixty-seven times. (Dkt. No. 648 at 5). Plaintiffs argue that the parties' experts' disagreement as to whether "distance" is synonymous with "difference" to a POSITA, therefore, is a fact issue. (*Id.*) (first citing Villasenor Op. Rep., Dkt. No. 648-5 ¶¶ 67, 72–75; and then citing Feuerstein Reb. Rep., Dkt. No. 648-4 ¶¶ 196–202) (relying first on *Trading Techs. Int'l, Inc. v. eSpeed, Inc.*, 595 F.3d 1340, 1359 (Fed. Cir. 2010) ("On summary judgment, the parties' experts disagreed that the provisional application showed possession . . . . Therefore, the parties created a dispute of material fact about whether the disclosure . . . was sufficient to show that the inventors possessed the genus . . . ."); and then relying on *ROY-G-BIV Corp. v. ABB, Ltd.*, 63 F. Supp. 3d 690, 697 (E.D. Tex. 2014) ("Whether the [] disclosures adequately describe a system that meets the limitations of the claims is a question of fact. That each party's expert comes to a different conclusion on this issue demonstrates that genuine disputes of material fact remain that preclude summary judgment.")).

Plaintiffs also rely on the following quoted language, appearing in both applications, to which the alternative language was added:

> Interval (or distance) between two bit positions indicating value one in the bit map is larger than or equal to a number. . . . An interval or distance between two bit positions is number of bit between the two bit positions. *The two bit positions could be neglected when calculating the interval or distance.* For example, an interval or distance between two bit position indicating value 1 for a bitmap "10001000000000" is 3.

(*Id.* at 2) (first citing Provisional, Dkt. No. 589-2 at 28; then citing '359 Patent at 16:34–47) (emphasis added). Plaintiffs argue the italicized language explains the discrepancy between the difference and the zeros measures because, when ignoring the bit positions, the difference between "10001" is three, as provided in the example directly afterwards. (*Id.* at 2–3). Plaintiffs argue that

4

the corollary—considering the two bit positions—would just yield the difference of four minus zero, which is four. (*Id.* at 3). Plaintiffs also argue that the "larger than or equal to a number" language beforehand means that the interval must be non-zero, so the only measure that squares this requirement with respect to Defendants' adjacent "1" bits example is the difference measure, although not explicitly spelled out in the provisional. (*Id.* at 3–4) (citing *Sycamore IP Holdings LLC v. AT&T Corp.*, 294 F. Supp. 3d 620, 648 (E.D. Tex. 2018)).

Here, a reasonable jury could find that the provisional sufficiently disclosed the full scope of the term "interval" as construed. The parties' dispute goes to the heart of whether the priority document contains a sufficient disclosure under § 112(a), and not all facts underlying the question are undisputed. *See Bradford*, 603 F.3d at 1268. First, the referenced statements in the provisional provide colorable support for Plaintiffs' theories: that "difference" is synonymous with "distance," and the provisional contains sixty-seven references to "interval or distance;" that the provisional's statement that the interval must be "larger than or equal to a number," means it must be non-zero; and that the "could" language with provisional's statement that "the two bit positions could be neglected" when calculating the intervals implies a corollary where they are not and the difference is instead taken.[1] *See* Provisional, Dkt. No. 589-2 at 28; '359 Patent at 16:34–47.

---

[1] Notably, though not briefed by the parties, the Court found persuasive during claim construction—for the inclusion of the difference measure—the disclosure in the provisional of "interval (or distance) between two bit *positions*." Claim Constr. Order, Dkt. No. 464 at 28 (emphasis added).

Additionally, though not addressed by Plaintiffs, the Court disagrees with Defendants that Dr. Feuerstein's reference to the disclosure calculating a "number" as the time duration "minus one" is irrelevant to the measure used for the interval term. Dkt. No. 589 at 8. All asserted claims rely on an interplay between the claimed interval and the number terms, which do not appear in the standard. If the zeros measure is used for the interval term, and the number term is decremented, signal bitmaps with adjacent "1" bits in the situation where the first duration is one symbol—which Defendants used to demonstrate materiality of its claimed priority issue—may be transmitted according to the final limitation of independent Claim 1 and 12. This result is functionally no different than using the difference measure—which Defendants argue was not sufficiently disclosed in the provisional—for the interval term and not decrementing the number term, which would also result in signal bitmaps with adjacent "1" bits being transmissible. Defendants' argument, then, is one of form rather than substance. *See Quake v. Lo*, 928 F.3d 1365, 1374 ("However, *ipsis verbis* disclosure is not necessary to satisfy the written description requirement of Section 112. The disclosure need only reasonably convey to persons skilled in the art that the inventor had possession of the subject matter in question. This court has analogized such a disclosure as 'marking trails by making blaze marks on trees to find one's

5

Second, the experts reasonably disagree, based on these theories, on whether a POSITA would understand the full scope of the interval in the utility from the provisional's disclosure. *See* Villasenor Op. Rep., Dkt. No. 648-5 ¶¶ 72–75; Feuerstein Reb. Rep., Dkt. No. 648-4 ¶¶ 198–202. The Court thus finds that a genuine dispute of material fact remains at least as to whether the difference measure in the Court's construction was sufficiently disclosed in the '041 Provisional such that a POSITA would understand that, in the situation where the first duration is one symbol, a control resource set bitmap with adjacent "1" bits would be transmissible according to independent Claims 1 and 12. This genuine dispute precludes summary judgment.

### III.    CONCLUSION

For the reasons provided above, the Motion is **DENIED**.

**So ORDERED and SIGNED this 11th day of August, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

---

way through the woods of a specification such that a skilled artisan would be able to follow that trail and understand what the inventors had invented." (internal quotations and citations omitted) (cleaned up)).

Finally, although, again, not addressed by Plaintiffs, and immaterial to the Court's decision, Defendants suggest there is a presumption that the alternative language was added to capture the 3GPP 38.213 v.15.2.0. However, they cite no authority for this proposition, and the Court notes it is at least as likely that the applicant added such language for clarification purposes. Moreover, Defendants do not sufficiently explain how the difference measure, but not the zeros measure, reads on the standard. It appears to the Court that the language of the standard—that occasions of "1" bits must be "*separated by* a non-zero number of symbols"—indicates that the zeros measure is used in the standard. Standard, Dkt. No. 589-3 at 69 (emphasis added).

6