**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. *and* CELERITY IP, LLC, | § | |
| *Plaintiffs*, | § | |
| v. | § | CASE NO. 2:23-CV-00486-JRG-RSP (Lead Case) |
| AT&T ENTERPRISES, LLC, AT&T MOBILITY LLC, AT&T MOBILITY II LLC, *and* AT&T SERVICES INC., | § | |
| *Defendants*. | § | |

**MEMORANDUM ORDER**

Before the Court is Defendants/Intervenors' Motion Under Fed. R. Civ. P. 44.1 for Determination That the ETSI Contract Applies to Plaintiffs' Patents Essential to Optional Portions of a Cellular Standard. **Dkt. No. 578**. The Motion is fully briefed. (*See* Dkt. Nos. 622, 691, 759). "Defendants ask the Court under Rule 44.1 to hold that the ETSI IPR Policy's FRAND contract applies to Plaintiffs' patents that are essential to optional portions of the 4G and 5G cellular standards." *Id.* at 1–2; *see id.* at 12. "Plaintiffs agree that the definition of STANDARD includes options expressly recited in the standard." Dkt. No. 622 at 1. Although the Court agrees with the parties' read of 3GPP Policy,[1] Defendants' requested determination is moot because the Court has already found that a FRAND obligation runs with all remaining asserted patents in this case. *See* Order Adopting, Dkt. No. 1043 at 1 (adopting Report and Recommendation, Dkt. No. 899 at 3).

[1] Substantial evidence supports the parties' position that under the 3GPP Policy, as a matter of French law, the FRAND obligation applies to patents that are technically essential to only optional portions of standards. *Accord Microsoft Corp. v. Motorola, Inc.*, No. xxx, 2013 WL 2111217, at *10 (W.D. Wash. Apr. 25, 2013) ("SSOs define a patent as essential even if the patent only reads onto an optional portion of the standard."); *Intel Corp. v. VIA Techs., Inc.*, 319 F.3d 1357, 1361–62 (Fed. Cir. 2003) ("VIA reads the license to all protocols specified in the [standard] whether or not the protocol is labeled 'optional' or not . . . . This reading is not unreasonable."). *See also G+ Comms., LLC v. Samsung Elecs. Co. Ltd.*, No. 2:22-CV-78, 2024 WL 233222, at *1 (E.D. Tex. Jan. 22, 2024) (noting that under the ETSI IPR Policy, a "patent embodying technology that is 'essential to implement a standard is' a standard essential patent).

However, one issue remains for the Court to address. Plaintiffs argue in their response that the Court should also determine that, as a matter of French law, a contractual FRAND commitment under § 6.1 does not apply when the standard is not licensed by the putative licensee. Dkt. No. 622 at 1. This request for an affirmative determination of foreign law was raised in a response and not in a separate motion. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). Additionally, the Court finds the request moot as this issue was also squarely rejected in the Court's Order. *See* Order Adopting, Dkt. No. 1043 at 1 (adopting Report and Recommendation, Dkt. No. 899 at 4–5 (finding that Defendants and Intervenors' contention that they do not practice the standard "has no effect on the FRAND obligation running to them.")).

For the above reasons, the Court finds that the Motion (Dkt. No. 578) should be and hereby is **DENIED** as moot.

**SIGNED this 11th day of August, 2026.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE