# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| ASUS TECHNOLOGY LICENSING INC. and CELERITY IP, LLC, | § § § | |
| *Plaintiffs*, | § § § | |
| v. | § § | CASE NO. 2:23-CV-00486-JRG-RSP (LEAD CASE) |
| AT&T CORP., et al., | § § | |
| *Defendants*. | § § § | |

## ORDER

The Court issues this Order *sua sponte*. Mr. Melin is an industry expert for Defendants who has experience in the SEP licensing industry, including ETSI. Mr. Melin served an opening expert report in this case pursuant to FRCP 26(a)(2)(B). He was subsequently deposed on his opening report and then subjected to *Daubert* practice regarding such report. In Plaintiffs' *Daubert* motion, Plaintiffs challenged Mr. Melin's opinions on practices in the industry, but did **not** challenge the methodology underlying the calculations Mr. Melin produced with respect to his implied royalty burden opinions. (Dkt. No. 575.) The Court issued its ruling on Plaintiffs' *Daubert* motion with respect to Mr. Melin's opening report. (*See* Dkt. No. 966.)

Subsequently, the Court ordered Mr. Kennedy, Plaintiffs' damages expert, to supplement his report. (Dkt. No. 885.) In Mr. Melin's opening report, some of his calculations relied upon damages figures from Mr. Kennedy. Accordingly, Mr. Melin was granted leave to supplement his report. In his supplement, Mr. Melin merely updated his calculations based on Mr. Kennedy's updated damages numbers which were disclosed in Mr. Kennedy's supplemental report. Mr. Melin

did not provide in his supplemental report any additional opinions or analysis regarding the methodology used previously in his opening report.

Plaintiffs subsequently filed a second *Daubert* motion targeting Mr. Melin's supplemental report. (Dkt. No. 994.) Additionally, at the August 3, 2026 pretrial conference, Plaintiffs requested—and the Court allowed—a 1.5 hour deposition of Mr. Melin "limited to the subject of his supplemental report and supplemental calculations." (*See* Dkt. No. 969 at 104.) The deposition took place on August 10, 2026 (the "August 10 deposition"). Ultimately, the Court denied the *Daubert* motion directed to Mr. Melin's supplemental report as waived, because Mr. Melin's methodology was not challenged in the first *Daubert* and the supplemental report did not contain any analysis or methodology beyond that included in his opening report. (Dkt. No. 1047 at 7.) Additionally, the Court precluded the use of the August 10 deposition at trial to the extent it discussed Mr. Melin's methodology as disclosed in his original report. (*Id*. at 8.)

On August 13, 2026, the Court held an in-chambers conference wherein Plaintiffs represented, and Defendants confirmed, that Mr. Melin had been removed from Defendants' "will call" witness list on August 12, 2026 and that Mr. Melin has flown outside (and remains outside) the United States.

With this background established, it is **ORDERED** that:

- Mr. Melin must be made available to testify in person at trial by 8:30 a.m. Monday, August 17, 2026.

- During trial, Mr. Melin's examination shall be limited to the opinions disclosed in both his original and supplemental reports.

- Plaintiffs may not elicit testimony from Mr. Melin during their examination that exceeds the scope of what was covered regarding his methodology and analysis as part of his first deposition (not the August 10 deposition).

- Pursuant to the Court's Order at Dkt. No. 1047 at 7-8, the August 10 deposition cannot be used to impeach Mr. Melin with regard to his disclosed methodology. Additionally, subject matter discussed exclusively during the August 10 deposition (i.e., not covered during Mr. Melin's first deposition), cannot be elicited at trial to the extent it addresses subjects beyond the numerical values disclosed in Mr. Melin's supplemental report. This is to say, Mr. Melin may not be examined by Plaintiffs as to any matters raised in his August 10 deposition that go beyond or are not limited to the adjusted mathematical calculations contained in his supplemental report.

**So ORDERED and SIGNED this 13th day of August, 2026.**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

3